## KOLP *et al.* v. PARSONS.

No. 5025. Oinion Filed July 27, 1915.

(150 Pac. 1043.)

1. **DISMISSAL AND NONSUIT—Cross-Petition.** Where a defendant files a cross-petition against a co-defendant, his right to have such cross-petition tried is not affected by the dismissal of the petition by the plaintiff as to such co-defendant.

2. **APPEAL AND ERROR—Parties on Appeal.** All parties who were parties in the trial court, and whose interest will be affected

by the reversal of the judgment, must be made parties in error, and, if not, the appeal will be dismissed.

3.  **SAME—Defendant to Cross-Petition.** The consignor of certain grain and the carrier were sued by the consignee, alleging a shortage in the grain when it arrived at its destination, and the consignor filed a cross-petition against the carrier, alleging that the grain was delivered to the carrier, and asking that in case a judgment was rendered against him he have judgment against the carrier. After this cross-petition was filed, the plaintiff dismissed as to the carrier, and the court struck the cross-petition from the files, which was duly excepted to by the defendant. A verdict and judgment having been rendered for the defendant, **held,** that the carrier was a necessary party in error.

(Syllabus by Devereux, C.)

*Error from County Court, Jefferson County;*
*B. T. Price, Judge.*

Action by E. R. and D. C. Kolp against Ed V. Parsons and the Chicago, Rock Island & Pacific Railway Company, with cross-petition by defendant Parsons against his codefendant. Dismissed as to defendant railway, cross-petition stricken. Judgment for defendant Parsons, and plaintiffs bring error against defendant Parsons alone. Dismissed.

This was an action commenced by the plaintiffs below against Ed V. Parsons and the Chicago, Rock Island & Pacific Railway Company, as defendants, alleging that the plaintiffs had purchased several car loads of corn from the defendant Parsons, and that when the corn reached its destination in Texas the weights were short; that the plaintiffs had paid drafts drawn on them by Parsons for the alleged amount of corn shipped, which, when it was weighed at its destination, showed that the drafts were for too large an amount, as the corn was short in weight. The defendant Parsons filed an answer denying these allegations, and also filed a cross-petition against the codefendant, the railroad company, alleging that if

there was any shortage when the corn reached its desti-
nation it was the fault of the carrier, as he had put the
requisite amount of corn in the cars when they were
shipped. ·After the cross-petition was filed, the plaintiff
dismissed as to the railroad company. A motion was
then made by the railroad company to strike the cross-
petition of Parsons against it, which was granted by
the court, and exceptions duly saved by Parsons. The
case then proceeded to trial, and a verdict and judgment
was returned in favor of the defendant Parsons. When
the case was brought to this court by the plaintiffs below,
the railroad company was not made a defendant in error,
nor was any case-made served on it, and the question is
now before this court on motion to dismiss for the failure
to make the railroad company a party in error.

*W. E. Sayle* and *N. C. Peters,* for plaintiffs in error.

*Bridges & Vertrees,* for defendant in error.

Opinion by DEVEREUX, C. (after stating the facts
as above). The dismissal of the petition by the plaintiffs
as against the railroad company was filed after the cross-
petition and could not affect the rights of the defendant,
if he had any, as set out in the cross-petition. Rev. Laws
1910, section 5126; *Brown v. Massey,* 19 Okla. 482, 92
Pac. 246. The question then is presented as to whether
the railroad company is a necessary party on this appeal,
and this depends upon whether the interest of the railroad
company would be affected by a reversal of the judgment.
*Weisbender v. School Dist. No. 6, Caddo County,* 24 Okla.
173, 103 Pac. 639; *Humphrey v. Hunt,* 9 Okla. 196, 59
Pac. 971.

We think the railroad company was a necessary
party, and that it is directly affected by the result of this

appeal.   Parsons alleges in his cross-petition that he caused the corn to be loaded in the cars of the railroad company, and that the bills of lading showed that they contained the amount of corn which he claims, and which the plaintiffs in error claim was wrong.   It is true that the court struck this cross-petition from the files, but exception to this ruling was duly saved, and the question is still in the record.   It was not necessary for Parsons to appeal from this action of the court, for the judgment and verdict in his favor gave him all that he asked.   If, however, we should reverse this judgment, and on a new trial it should appear that the corn was short when it arrived at its destination, the question would still be in the record whether the court erred in striking the cross-petition from the files, and, on appeal from the judgment on the second trial, this question would be directly presented, and, if the court should be of the opinion that there was error in striking the cross-petition from the files, a trial would result between Parsons and the railroad company as to whether he had delivered to the railroad company the amount of corn as claimed by him. The railroad company is therefore directly interested in this appeal, for a new trial might result in a judgment against it, or, at least, litigation between it and Parsons as to whether his cross-petition was rightfully stricken, and, should it be eventually decided that there was error in striking the cross-petition, obviously the railroad company would be interested in the litigation, because, if Parson should establish the facts alleged in his cross-petition, it would be liable to him for the amount of shortage which would be found.   The rule is too well settled in this state to require a citation of authority, other than those we have made above, that one whose

rights may be affected by a reversal of the judgment is a necessary party in this court.

We therefore recommend that this appeal be dismissed.

By the Court: It is so ordered.