# GRANT v. CREED *et al.*

No. 4149.   Opinion Filed December 21, 1915.

(153 Pac. 1110.)

**APPEAL AND ERROR—Cancellation of Instruments—Judgment Defective in Form—Ground for Reversal—Modification.** G., a member of the Osage Tribe of Indians, deeds land in the Osage Indian reservation, which was a part of his surplus allotment, to Creed, who afterwards deeds said land to Conrod. G. then sues C. and C. to recover possession of the land and to have the title thereto decreed to be in him, G., free of any rightful claim thereto of Creed or Conrod, alleging that Creed procured his deed from G. through fraud, and that the order of the Secretary of the Interior, removing his restrictions on the right to alienate the same, had·not become final and effective at the time he deeded said land to Creed, and that Conrod took his deed from Creed with knowledge of all the infirmaties of Creed's title. Creed and Conrod file their answer to G.'s petition, in which they deny the allegations of G.'s petition which tend to establish G.'s title, set out their own title, and pray that their own title be confirmed, and for such other relief as may be equitable, but the allegations of their answer, as a whole, were not sufficient to constitute a cause of action, entitling them to the affirmative relief granted them by the court, had the alleged facts of their answer been set up in a cross-petition or cross-bill. On the trial of the case the decree of the court, without specifically denying the plaintiff the relief prayed for by him, confirmed defendants' title to the land and quieted it as against the claims and pretensions of the plaintiff. .

**Held,** that while the decree was affirmative in form, it was, in substance, a denial of the relief prayed for by the plaintiff; that the judgment of the court should not be reversed because of the defect in the form thereof, but that said judgment should be so modified in form as to be simply a denial of the relief prayed for by the plaintiff, and affirmed as modified.

(Syllabus by Wilson, C.)

*Error from District Court, Osage County;·*
*R. H. Hudson, Judge.*

Action by Charles Grant against Martin L. Creed and another. Judgment for defendants, and plaintiff brings error. Modified and affirmed.

*S. H. King,* for plaintiff in error.

*L. F. Roberts* and *Louis P. Mosier,* for defendants in error.

Opinion by WILSON, C. This is an action originally commenced in the trial court by the plaintiff in error, as plaintiff, against the defendants in error, as defendants, for the purpose of procuring the cancellation of a deed to certain lands described in plaintiff's petition and having the title to said lands decreed to be in the plaintiff. It was alleged, in substance, in plaintiff's petition that plaintiff was, at the times mentioned in said petition, a member of the Osage Tribe of Indians and the owner of certain lands in the reservation of that tribe which had been allotted to him as his surplus lands; that on July 10, 1910, he was granted a certificate of competency by the Secretary of the Interior which evidenced his right to sell his surplus lands, but that said certificate of competency was conditioned to become effective 30 days from the date thereof, and "not before"; that on the 9th day of August, 1910, he was induced, by means of certain alleged acts of fraud then and theretofore perpetrated on him by the defendant Martin L. Creed, to execute to the said Martin L. Creed a deed to said lands; that subsequently and on the 11th day of August, 1910, said lands were deeded by said Creed to the defendant W. B. Conrod and Dora Conrod, his wife, for an alleged consideration of $1 and other valuable considerations. Plaintiff further alleged that said Conrod was not a purchaser of said lands for a valuable consideration, and that said deed was made and delivered without any consideration whatever, and without anything of value being paid, or intended to be paid, therefor, and

that said conveyance was a false and fraudulent pretense, made with the sole intent and purpose to cheat and defraud the plaintiff out of his lands. Plaintiff brings his case to this court by petition in error, with a transcript of the record attached and without a case-made or bill of exceptions.

For their answer to plaintiff's petition in the lower court the. defendants admit the execution of the two deeds, deny the allegations of fraud on part of the defendant Creed, and the want of consideration for the deed from Creed to the defendant Conrod, and allege that long after the dates of the two deeds mentioned in plaintiff's petition, and in substantial compliance. with the terms of an agreement between the plaintiff and the defendant Creed, made at the time the deed from plaintiff to Creed was executed, and in consideration of the payment of a balance of the purchase price due to plaintiff from said defendant, plaintiff did, on the 1st day of October, 1910, make and deliver another deed to said lands to the defendant W. B. Conrod, to whom Creed had, for a valuable consideration, sold the same. Defendants pray that the court confirm their title to said land, and that they recover their costs.

Some of plaintiff in error's assignments of error cannot be considered here, because a consideration thereof would involve an inspection of the evidence, but others can, and these, although they are stated in various forms, are to the general effect that the trial court erred in this, that on its consideration of the case it granted defendants affirmative relief on their answer, in the absence of a cross-petition praying for such, confirmed the title of the defendant Conrod in the premises, with full and

exclusive possession thereof, and quieted his title thereto against all claims, demands, or pretensions of the plaintiff, and that its judgment or decree is void because it is not responsive to the pleadings and was in excess of the jurisdiction of the court under the pleadings. In his petition the plaintiff claims title to the lands involved in the action directly from the government through the process of an allotment of lands formerly belonging to the Osage Tribe of Indians. The defendant Conrod, whose title was confirmed by the decree of the court, claimed his title by deed directly from the plaintiff, based on a valuable consideration, and executed October 1, 1910, and the decree of the court confirming his title was based wholly on such deed, because the decree so recites.

In our first opinion we concluded that the defendants' method of pleading was very irregular, and was not to be encouraged, but held that under the peculiar facts of the case the answer was sufficient to sustain the judgment rendered, without a cross-petition or cross-bill praying for affirmative relief having been filed in the case; but, on consideration of the plaintiff's petition for a rehearing, we have come to the conclusion that our reasoning in that opinion was erroneous, and that it should be withdrawn and a new opinion prepared. While we are of the opinion that the answer was not so defective as to render the judgment in the case void, or even so erroneous as to require a reversal of the case, yet we want here to express our disapproval of the method of pleading adopted by the defendants in their answer, and caution practitioners at the bar of this state against such practice in the future.

S—54

The relief plaintiff sought by his action was to have the deed from him to Creed rescinded, to cancel the deed from Creed to Conrod, who he alleged took title to the land in question with notice of its infirmaties, and to have the title of the land decreed to be in him, the plaintiff. The defendants denied the allegations of fact on which plaintiff predicated his claim to the relief he sought, and then set up facts tending to establish their own title to the land involved in the controversy, and prayed to have the title to said land decreed to be in the defendant Conrod, and for such other relief as they might be entitled to, but did not specifically ask that the relief prayed for by plaintiff be denied. The informality of defendants' answer was such that it did not confer jurisdiction on the court to grant affirmative relief quieting their title against the plaintiff's claims, even under the rule laid down by our own Supreme Court in the case of *Brown, Tutt & Beadles v. Massey,* 19 Okla. 482, 92 Pac. 246, and in *Miller v. Oklahoma State Bank of Altus,* 53 Okla 616, 157 Pac. 767, in which it was held that:

"Where, in answer to a petition, the defendant makes allegations proper in his answer, which alleges facts upon which affirmative relief may be based, and such affirmative relief is prayed for by such answer, the same will," in the absence of an objection thereto, "be treated * * * as a cross-petition, regardless of what name the pleader may apply to it."

—but, notwithstanding that fact, it did raise an issue of fact sufficient to give the court jurisdiction to deny the plaintiff the relief prayed for by him.

Upon the petition and answer and the plaintiff's reply to the answer, the court rendered a judgment,

which, omitting the formal parts, the findings and the description of the land, was as follows:

"Now on this 30th day of December, 1911, the same being one of the regular judicial days of the regular December, 1911, term of said court, said cause having been regularly calendared and called, the same came on for hearing the arguments of counsel and for decision of the court, plaintiff appearing by his attorneys, King & Shinn, and the defendants appearing by their attorney, A. S. Sands, the parties announced ready for hearing and the arguments of counsel proceeded and at the close thereof the case was finally submitted to the court, upon consideration whereof and being fully advised in the premises the court finds as follows, to wit:   *   *   *   It is therefore considered, ordered, adjudged, and decreed by the court that the defendant W. B. Conrod is the legal owner of the fee-simple title in and to the following described real estate, situated in Osage county, Okla, to wit.   *   *   *   And that the deed of conveyance thereof, made by the plaintiff on October 1, 1910, is a valid and effectual conveyance of said premises to said defendant, and the same is hereby confirmed, with full and exclusive possession of said premises in said defendant, as of said date, and it is further ordered, adjudged, and decreed that at the time of the making, execution, and delivery of said deed the plaintiff was a competent member of the tribe of Osage Indians, to whom a certificate of competency had been regularly issued by the Secretary of the Interior, and that the same had become effective prior to the making of said deed by the plaintiff, and immediately prior and up to the delivery of said deed the plaintiff was the owner of said land, fully competent and capable of transacting his own business, and held said title free from all restrictions, and with full power and authority to sell and convey the same, and to make said deed, and plaintiff has not had, since the delivery of said deed, any right, title, or interest in said real estate, or in or to any part thereof; that said plain-

Grant v. Creed et al.

tiff has received and retained the full consideration and purchase price of said described real estate, and no part thereof remains due him, or unpaid, and the title of the said defendant W. B. Conrod is hereby adjudged to be quieted against all claims, demands, or pretensions of said plaintiff, and all persons claiming any interest therein through or under him. And it is further ordered, adjudged, and decreed that the defendants have and recover of and from the said plaintiff their costs herein, taxed at $———."

This decree, regardless of its form, was unquestionably a judgment of the court, on the issues raised by the pleadings, that the plaintiff was not entitled to the relief prayed for by him and was, in substance, a judgment denying him such relief, and we so hold.

We are of the opinion, however, that the judgment of the district court should be so modified in form as to make that part of the same following the findings of the court read as follows:

"It is therefore considered, ordered, adjudged, and decreed by the court that the plaintiff be denied the relief prayed for, and that he pay the costs of this action."

We therefore recommend that the judgment be affirmed, as modified, and that the cause be remanded to the district court of Osage county, with directions that said judgment be amended so as to conform to this opinion. We believe, however, that the defect in the form of the defendants' answer was largely responsible for the defect in the form of the judgment, and we recommend that the defendants pay the costs of this appeal. We further recommend that the former opinion be withdrawn, and that this opinion be adopted in lieu thereof.

By the Court: It is so ordered.