**FARMERS UNION CO-OPERATIVE GIN v. HOLLIS.**

No. 20469. Opinion Filed Sept. 8, 1931.

C. G. Moore and Roy Glasco, for plaintiff in error.

Purman Wilson and L. T. Cook, for defendant in error.

CULLISON, J. This is a suit by Horace Hollis, plaintiff, against the Farmers Union Co-Operative Gin, an Oklahoma corporation, defendant, seeking to collect for salary due and unpaid. The defendant company was organized for the purpose of constructing and operating a cotton gin. A board of directors had been selected and said board desired to secure a manager for the cotton gin. Plaintiff met with the board of directors and an oral contract of employment was entered into whereby plaintiff was to manage said gin. Plaintiff entered upon his duties as manager and so continued until February 15, 1928, at which time the board of directors discharged plaintiff as manager. Plaintiff had served and drawn pay from defendant for six months when discharged. Plaintiff claimed he was hired for one year at a salary of $1,500, and instituted this suit for the balance remaining due in the amount of $750. The case was tried to a jury, and they returned a verdict for plaintiff in the amount of $700.

Defendant presents three assignments of error, which will be considered in the reverse order. First, the court erred in admitting evidence offered by plaintiff. The evidence in question was that of two witnesses offered in rebuttal by plaintiff. Their testimony contradicted the testimony of defendant's wi'nesses, and was absolutely competent for the purpose of impeachment. Defendant cites no court decisions to substantiate its contention, and we consider it has no grounds of complaint. Defendant's next assignment of error is that the court erred. in refusing to instruct a verdict for defendant. At the trial plaintiff testified that the contract of employment was for one year at $1,500. One member of the board of directors of defendant corporation testified to the same state of facts. Three members of the board of directors of defendant corporation testified that plaintiff's employment was at $125 per month, with privilege of discharging him. Two witnesses testified as to conversations with two of the defendant's witnesses, in which conversations said witnesses made different statements to that given on the witness stand. With this direct conflict of testimony as just outlined, the court very properly refused to direct a verdict for defendant. This was a question for the jury to pass upon, and has been so held by this court in Katterhenry v. Williamson, 78 Okla. 221, 190 Pac. 404, syllabus paragraph No. 2:

"Where there is evidence reasonably tending to sustain the issues on the part of plaintiff, and the evidence on the part of the defendant conflicts therewith, a determination thereof is for the jury."

The last assignment of error is that the court erred in rendering judgment for plaintiff on the evidence introduced. This case was tried to a jury, and the same was submitted to the jury under proper instructions from the trial judge. Thereafter the jury rendered its verdict in favor of plaintiff. After careful examination of the record, we find there was ample testimony to support the verdict of the jury. In Katterhenry v. Williamson, supra, this court held, syllabus paragraph No. 3:

"Where there is any evidence reasonably tending to support the verdict of the jury or the judgment of the court in an action of purely legal cognizance, the same will not be set aside on appeal on the ground that it is contrary to the evidence."

Also, in Swindler v. Selby, 130 Okla. 294, 267 Pac. 471, syllabus paragraph No. 1:

"Where there is any competent evidence reasonably tending to sustain a verdict, though the evidence be conflicting, and the cause is submitted to the jury upon instructions fairly stating the applicable law, the

Supreme Court will not review the evidence for the purpose of determining the weight thereof, and substitute this court's judgment for the judgment rendered in the verdict, and the verdict will not be disturbed on appeal."

The trial court committed no error in rendering judgment on the verdict in favor of plaintiff. We find that no reversible error was committed by the trial court in the trial of the instant case. The judgment of the trial court is affirmed.

LESTER, C. J., and RILEY, SWINDALL, ANDREWS, and McNEILL, JJ., concur. CLARK, V. C. J., and KORNEGAY, J., dissent. HEFNER, J., absent.

Note.—See under (2) (3) 2 R. C. L. 194; R. C. L. Perm. Supp. p. 368; R. C. L. Pocket Part, title "Appeal," § 167.