## PHILLIPS et al. v. SMITH.

No. 27048.   Nov. 4, 1936.

Rehearing Denied Dec. 15, 1936.

H. P. Daugherty and Glass & Chappell, for plaintiffs in error.

Carey Caldwell, for defendant in error.

PHELPS, J. The action was for possession of real estate and for recovery of rental due under a written lease contract covering the same five-acre tract of land. At the conclusion of all the evidence each party moved for a directed verdict. The trial judge held that this took the issues from the jury, and thereupon directed a verdict for the plaintiff. The defendants appeal.

The fact that each party moves the court for a peremptory instruction does not constitute a waiver of trial by jury upon the part of either. Taylor v. Wooden et al., 30

380

Okla. 6, 118 P. 372; J. R. Watkins Co. v. Miller et al., 176 Okla. 20, 54 P. (2d) 314. The taking of the case from the jury was therefore prejudicial error unless, as is contended by plaintiff, he was entitled to judgment anyway, as a matter of law. We now consider that question.

In stating the facts, we shall eliminate from consideration certain intermediate grantors and grantees of the various interests involved, because neither they nor their actions affect the issues involved.

McLean owned a 50-acre tract of land. He was producing oil and gas therefrom, with his own wells and equipment. No oil and gas lease was involved.

He executed to A an ordinary surface lease of five acres in one corner of the 50-acre tract. This lease was for a term of ten years, and contained no renewal or extension option. It was for the purpose of enabling A to operate a booster station thereon, by which A supplied power behind oil in pipe lines serving the vicinity, to "boost" the oil in transit.

While the aforesaid lease was running, McLean conveyed to plaintiff what is commonly called the surface estate of the entire 50 acres in question. This deed reserved to McLean "* * * all of the oil and gas in and under the said land together with so much of the surface of said premises as shall be reasonably necessary for use in drilling, developing, producing, storing, and marketing such oil and natural gas with the right of ingress to and from the wells, tanks, powers, and structures now or hereafter drilled or erected thereon, and together with the wells, tanks, powers, power houses, pump houses, and tank houses and all pipe and pipe lines, tools and equipment and of every character now on said premises or hereafter to be put on, used in connection with the operation of the wells now on said premises in the production of such oil and natural gas. * * *"

It is obvious that McLean thereby reserved or retained from plaintiff so much of the surface of the land as should be reasonably necessary for developing, producing, and marketing the oil and gas thereunder. Nevertheless, McLean had no right to go upon or use the five-acre tract during the continuance of the ten-year lease previously executed to A. This, however, is purely because of A's rights under the lease, and only because of that, for in so far as the deed to plaintiff was concerned, McLean retained the right to use so much of the five-acre tract as was necessary to the production or

marketing of oil thereunder and under the remaining 45 acres. All that prevented McLean from exercising that right on the five-acre tract was the ten-year lease then being enjoyed by A.

From the date that plaintiff obtained title to the surface, A paid rentals on the five-acre tract to plaintiff. This was because A was using only the surface, and plaintiff owned the surface, subject to the oil and gas rights of McLean.

McLean then conveyed to the W. C. Company all of his oil and gas rights under the entire 50-acre tract, and the W. C. Company thereby acquired the same rights which McLean had reserved, to the use of so much of the surface as was reasonably necessary to the production of oil and gas thereunder. McLean thereby completely divested himself of all interest, having conveyed the surface to plaintiff and the oil and gas rights to the W. C. Company. Accordingly, all that stood between the right of the W. C. Company to such use of the five-acre tract as was necessary to the production and marketing of the oil, and the exercising of that right, was the outstanding ten-year lease on the surface of the five-acre tract to A. It is important to observe that it was not plaintiff's surface estate which prevented the exercising of that right.

The next event which transpired is the turning point in this appeal. The ten-year lease to A expired. As stated above, no right of renewal or extension had been granted A under its terms. This lease had operated as a suspension of the rights of McLean and the W. C. Company to the use of the five acres so far as was necessary to the production and marketing of oil under the entire 50 acres. It was not the conveyance of the surface to plaintiff which had suspended this right, but it was the ten-year lease to A which had suspended the right. Therefore, when the lease expired, the W. C. Company thereby became vested with said right, which would have been a revestment if McLean had retained that right instead of conveying it to the W. C. Company. For the purposes of this case it is entirely immaterial whether the W. C. Company exercised that right.

Plaintiff then executed a new lease to A, covering the five-acre tract, for the same purpose as the old ten-year lease, the new lease being on a yearly basis, with the option of renewal. The W. C. Company did not join in this lease. We hold that the right to the reasonable use of this five-acre tract (that is, such use as was reasonably neces-

sary to the developing, producing, marketing, etc., of oil under the entire 50 acres, including this five acres) became vested in the W. C. Company the instant that A's ten-year lease expired, and that the plaintiff was without power to prevent such vestment, and that his execution of the new lease to A did not postpone the right of the W. C. Company to the use of the five-acre tract. It is unnecessary to consider whether the plaintiff could have done so, if the old lease had vested in A the right of renewal or extension.

A subsequently assigned its new lease to the defendants. The defendants paid rental under the new lease to the plaintiff. This was because plaintiff owned the surface, and the defendants were at that time using only the surface. The defendants at that time did not have the right to produce any oil or gas from any of the 50-acre tract, or from this five-acre tract. That right was owned by the W. C. Company. But then, later, the W. C. Company conveyed to the defendants all of the oil and gas rights under the entire 50 acres, which that company had bought from McLean, and from that time the defendants refused to pay further rentals on the five-acre tract to plaintiff, under the lease which they had bought from A.

The assignment of this lease from A to the defendants contained the express provision that the defendants were to be bound by the terms of said lease. The defendants were bound, and did comply with the terms of that lease, and they were obligated to do so, because at that time they did not own the oil and gas rights under the land. But when they subsequently also acquired the oil and gas rights under the entire 50 acres from the W. C. Company, they succeeded to all of the rights that the W. C. Company had, which were the same as McLean had reserved when he conveyed the surface to plaintiff. It is plain that therefore the defendants, having purchased from the W. C. Company the right to the use of the surface of the five-acre tract in so far as same was necessary for the development of the entire 50-acre tract, including the marketing of oil therefrom, were under no obligation to pay rental to the plaintiff for such use, for the W. C. Company would not have been obligated to do so.

The defendants argue that their purchase of the five-acre lease, and their subsequent acquisition of the oil and gas rights under the entire 50 acres, constituted a merger; while the plaintiff contends that plaintiff's surface estate intervened between A's lease and the acquisition of the oil and gas rights by defendant, and that such "intervening estate" prevented a merger. We think that all of such argument is beside the question. Regardless of what it is termed, the right of the defendants to the reasonabe use of this five-acre tract of land was derived from the W. C. Company. They are entitled to the exercise of that right by virtue of the reservation in the deed by which McLean conveyed the surface to plaintiff, and this is entirely independent of any rights conferred upon them by the assignment of the lease from A. The defendants, in other words, do not derive their right to a reasonable use of the surface of the five acres solely from the lease assigned them by A, but they derive that right because of the fact that the plaintiff never had the power to deprive the W. C. Company thereof after the expiration of the original lease. It is true that they paid plaintiff rental under the new lease, but at that time they did not own the oil and gas under the 50 acres, nor the right to the reasonable use of the surface thereof commensurate with the producing and marketing of oil therefrom. Having acquired that right from the W. C. Company, they are under no obligation to pay plaintiff rental on **that part** of the five-acre tract which is "reasonably necessary" for use in the production, marketing, etc., of oil and gas on the 50 acres. If use of the entire five acres was not "reasonably necessary" for the purposes reserved, then the defendants would of course pay plaintiff whatever amount as would have been a reasonable rental for the use of that part thereof which was not "reasonably necessary" for the production and marketing of oil and gas under the particular 50 acres, and should also henceforth vacate that part. If the entire five acres is "reasonably necessary" to the production and marketing of oil and gas from the 50-acre tract, the defendants are entitled to use the entire five acres for that purpose. This involves the determination of a question of fact.

Since the right to the use of the five acres, or at least that part thereof which is "reasonably necessary" to the production and marketing of oil and gas under the 50 acres, depending upon the facts, was derived by defendants through title from plaintiff's grantor who had expressly reserved said right when conveying to plaintiff, the defendants are not liable to plaintiff for the use of whatever area is "reasonably necessary" to the enjoyment of that right. It

was therefore error to instruct a verdict for plaintiff, and the judgment is reversed and the cause remanded for new trial.

McNEILL, C. J., OSBORN, V. C. J., and CORN and GIBSON, JJ., concur.