LOCAL FEDERAL SAVINGS & LOAN ASS'N v. CARLOCK.

No. 31203. Feb: 21, 1944.

Rehearing Denied May 9, 1944.

*148 P. 2d 466.*

Everest, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

Merton M. Bulla, of Oklahoma City, for defendant in error.

GIBSON, V. C. J. This action was instituted in district court by W. C. Carlock against Local Federal Savings & Loan Association to recover a broker's commission on the sale of defendant's real estate. Verdict and judgment were for plaintiff, and defendant appeals.

When the present action was commenced there was pending in the same court an action by one J. P. Stokes against the present defendant to recover a commission on the same sale (Local Federal Savings & Loan Ass'n v. J. P. Stokes, doing business as Stokes Realty Company, No. 31184, 194 Okla. —, 155 P. 2d 975.

The general factual situation as set out in that case, the activities of Stokes and Carlock as independent brokers in connection therewith, the listing of the property with them and others, etc., is reproduced in this case, and is largely applicable here and need not be restated.

According to the allegations of the petition, plaintiff produced the eventual purchaser with an offer in writing which was accepted by defendant and a sale closed, and for which service defendant

agreed in writing to pay to plaintiff the stipulated commission.

Prior to answer defendant filed an application on affidavit in the nature of interpleader, calling attention to the Stokes Case, above, and asserting that Stokes was laying claim to a commission for the same sale. The application admitted owing the commission to either Stokes or Carlock, and asked that Stokes be impleaded as a party seeking to recover the same subject of action, and that the defendant be released from the litigation upon depositing the commission in court for the benefit of the successful party.

The foregoing application was prepared and filed pursuant to 12 O. S. 1941 § 238, which permits a defendant in certain instances to implead a third party claimant to the same subject of action.

The action of the trial court in denying said application is assigned as error.

This question was fully considered and discussed in the Stokes Case, wherein it was determined that the section aforesaid does not apply where, as here, the claims of the parties against the defendant are based on wholly separate and unrelated contracts. Our decision there is controlling here.

The next assignment questions the action of the court in rejecting certain evidence.

At the time of trial the Stokes Case had gone to judgment in favor of the plaintiff. The defendant, proceeding on the theory that it could in no event be held liable for more than one commission on the same sale, offered in evidence the judgment roll in the Stokes Case, and the court rejected it.

In this, there was no error. We have held above, and in the Stokes Case, that the two actions were based upon wholly separate contracts, entirely personal to the plaintiffs in the respective cases. By reason of the peculiar facts, a recovery in one might not defeat a recovery in the other. We are aware of the rule obtaining in some jurisdictions to the effect that in cases of this character where there are numerous listings of the same property, only one commission is to be paid, and that commission is to be paid in full to the broker who first succeeds and is the procuring cause of the sale. 12 C. J. S. 213, § 92. But it is not difficult to conceive of a situation where the seller might bind himself to pay two or more commissions in such case.

Defendant has objected to certain of the court's instructions.

One such objection concerned the purpose of certain testimony relating to the results in the Stokes Case and the weight to be given thereto. The court advised the jury that said testimony might be considered only in connection with the weight and credibility of the testimony of the witnesses.

Defendant thinks the court erred in so limiting the testimony, and believes the same should have been accepted as proof that defendant had been held liable already for one commission, thus to establish its theory, above, that it could not be held liable in this case, since a judgment for the same commission had already been entered against it.

The objection is not well taken. We have said above that any evidence concerning the result in the Stokes Case was inadmissible to establish the defendant's theory that it was liable for but one commission. We so held for the reason that defendant's theory of defense in this respect was untenable.

There is no further assignment of error, and no intimation that plaintiff did not establish his case.

The judgment is therefore affirmed.

CORN, C. J., and RILEY, OSBORN, BAYLESS, WELCH, DAVISON, and ARNOLD, JJ., concur. HURST, J., concurs in conclusion.