LOCAL FEDERAL SAVINGS & LOAN
ASS'N v. STOKES.

No. 31184.   Dec. 12, 1944.

Rehearing Denied Feb. 20, 1945.

*155 P. 2d 975.*

Everett, McKenzie & Gibbens, of Oklahoma City, for plaintiff in error.

B. H. Carey, of Oklahoma City, Cantrell, Carey & McCloud, of Oklahoma City (of counsel), for defendant in error.

RILEY, J. The present opinion is substituted for an opinion promulgated February 21, 1944.

J. P. Stokes, doing business as Stokes Realty Company, sued and by the judgment rendered and based on the verdict of a jury, recovered as against Local Federal Savings & Loan Association of Oklahoma City a real estate broker's commission on the sale of defendant's realty to Henry G. Picard.

Plaintiff alleged himself to be the procuring cause of the sale, although another broker, W. C. Carlock, with whom defendant association subsequently contracted in writing, in fact sold the property to the purchaser.

Defendant's answer admitted plaintiff's effort to sell the real estate to Picard. It admitted that its listed price of sale with plaintiff was $17,000. It admitted that Carlock completed the sale at a price of $16,500. The defendant Association admitted owing a commission to either plaintiff or Carlock, each of whom claimed therefor the sum of $662.50. Defendant Association sought to avoid paying a like commission to each claimant.

Defendant Association filed an affidavit pursuant to the provisions of 12 O.S. 1941 § 238, and set forth that it was unable to determine which claimant was entitled to the commission. It sought to pay the money into court, have Carlock made a party, and be itself discharged from further liability.

Carlock had originally been made a party defendant by plaintiff and had, upon plaintiff's motion, been dismissed from the suit. The action of the court in sustaining plaintiff's motion of dismissal is assigned as error, as is the

action of the trial court in denying defendant's application to make Carlock a party pursuant to the provisions of section 238, supra.

The rule stated in Kolp et al. v. Parsons, 50 Okla. 372, 150 P. 1043, construing the provisions of 12 O.S. 1941 §§ 684 and 685, does not apply. No cross-petition herein is filed by a defendant against a codefendant. The rule in the case stated was that a dismissal of a petition as to a codefendant did not affect right as to such a codefendant. Our concern in the case at bar is only as to rights between plaintiff and defendant. No rights are involved in this appeal as between the Association and Carlock. Carlock has not appealed. The Association pleads its subsequent contractual relation with Carlock by which it seeks to avoid liability upon the claim of Stokes. The court's denial of the plea was not error, nor was there error in the trial court's refusal to permit Carlock to be impleaded. Section 238, supra, does not apply to circumstances as here where claims are based on separate and unrelated contracts. These contractual relations are separate and unrelated except as to subject matter and similarity of services performed.

Carlock, who by defendant Association's motion would be impleaded, held a written contract with it. Therein he, and not Stokes, was recognized as being the procuring cause of the sale and so entitled to the commission.

Stokes relied upon plaintiff's prior listing of the real estate for sale with him.

The Association was not indifferent toward Carlock's claim. It was not a disinterested stakeholder, a position essential to its plea of another as claimant and avoidance of its liability to both. The Association may have incurred independent liability as to both Carlock and Stokes. Its motion was without merit. Pomeroy's Eq. Jur. (4th. Ed.) § 1322.

The real issue presented on appeal is sufficiency of the evidence to sustain the action below, the verdict of the jury and the judgment based thereon. The matter being submitted to a jury, appellate consideration must be in the light of the jury's view and so favorable to the plaintiff in whose favor the verdict was rendered. In April, 1941, defendant Association listed the real estate with plaintiff for sale. The price was $17,000. In May thereafter, plaintiff began negotiations with Picard, the purchaser. Plaintiff secured an offer in writing of $14,000, which defendant would not accept, nor would it accept less than $17,000, in defendant's contractual relation with plaintiff.

Pending plaintiff's further negotiations with the purchaser, plaintiff sold the property, with improvements agreed by it to be made, through Carlock for $16,500.

If the plaintiff was the procuring cause of that sale, he was entitled to the commission. Farmers Union Co-Operative Gin v. Hollis, 151 Okla. 134, 2 P. 2d 951; Empire Pipe Line Co. v. Dowdy, 177 Okla. 386, 60 P. 2d 757; Artlin Realty Co. v. Glass, 170 Okla. 588, 41 P. 2d 471; Cornell v. Howe, 131 Okla. 299, 269 P. 243.

Defendant Association would not permit plaintiff to offer for sale the property at a lower price, but it completed the sale through Carlock to plaintiff's client at a lower price, $16,500, together with some improvements agreed by it to be made.

Plaintiff was developer of the residential area in which the property was located, and he first negotiated with the purchaser and continued so to negotiate until completion of the sale. The only thing lacking in plaintiff's completion of the sale with the purchaser was a suitable price.

The alterations contracted by defendant to be made with the purchaser accounted for much of the difference in sale price. Undoubtedly plaintiff found Picard and developed his desire to purchase the property. Plaintiff's failure

to obtain an offer from Picard, acceptable to the defendant, under the circumstances is immaterial. Defendant's preference of Carlock by subsequent written contract, as recipient of the commission under the evidence, verdict and judgment, will not relieve the defendant Association of liability to plaintiff. Abraham et al. v. Wasaff, 111 Okla. 165, 239 P. 138.

Affirmed.

CORN, C.J., and OSBORN, WELCH, HURST, and ARNOLD, JJ., concur. GIBSON, V.C.J., and BAYLESS and DAVISON, JJ., dissent.