BENZEL v. KILFOY.

No. 34132.    May 27, 1952.

Rehearing Denied July 23, 1952.

*245 P. 2d 1129.*

W. H. Brown, Paul G. Darrough, and Virgil R. Ball, Oklahoma City, for plaintiff in error.

A. K. Little and L. D. Hoyt, Oklahoma City, for defendant in error.

WELCH, J.  In the trial of this action the plaintiff, L. W. Kilfoy, sought to recover a broker's commission for the sale of real estate. There was no issue of fact or controversy as to the fact that defendant, Benzel, owned the real estate; that he listed it with plaintiff for sale, and that a sale was made to one Hoffman for $27,000. The plaintiff was entitled to a commission of 5 per cent, or $1,350, the sum sued for, if he was the procuring cause of the sale to Hoffman.

There was an issue of fact and a controversy as to whether the plaintiff, Kilfoy, was the procuring cause of the sale, or, to be more specific, the controversy was whether the plaintiff, Kilfoy, or another broker, Pitchford, was the procuring cause of such sale. The suit of L. A. Pitchford to recover the same broker's commission for the same sale is considered in our opinion in Benzel v. Pitchford, 206 Okla. 672, 245 P. 2d 1131.

In this case, at the conclusion of the evidence, the trial court took the case from the jury, discharged the jury, and rendered judgment for plaintiff for the sum sued for $1,350, and that action of the court is relied upon for reversal.

This action of the trial court was predicated on the fact that at the conclusion of the evidence each party separately presented a motion for an instructed verdict in his behalf.  The trial court apparently took the view that because each of the parties had separately requested an instructed verdict in his behalf, it then became the duty of the court as a matter of law to discharge the jury and render judgment for one side or the other. The true situation is, under later decisions, that at that time, and in view of the evidence presented, neither party was entitled, as a matter of law, to an instructed verdict, or to a judgment to be rendered by the court. On the other hand, the court should have overruled each motion when it was presented and should have submitted the cause to the jury. There is nothing in the proceedings to show, or to indicate, that the defendant waived his right to have his

defense presented to the jury, or his right to have the jury pass on the plaintiff's evidence as making out a case that he was the procuring cause of the sale to Hoffman. See Atlas Life Ins. Co. v. Holt, 178 Okla. 28, 61 P. 2d 719; Phillips v. Smith, 178. Okla. 379, 62 P. 2d 1179; J. R. Watkins Co. v. Miller, 176 Okla. 20, 54 P. 2d 314, and United States Casualty Co. v. Jackson, 173 Okla. 60, 46 P. 2d 939.

Something is said about the consolidation of this action with the action of L. A. Pitchford to recover the same broker's commission for the same sale. In that connection it is suggested or intimated by brief that the causes could not be consolidated or joined by interpleader because of our former decisions in two cited cases, to wit: Local Federal Savings & Loan Ass'n v. Carlock, 194 Okla. 199, 148 P. 2d 466, and Local Federal Savings & Loan Ass'n v. Stokes, 194 Okla. 677, 155 P. 2d 975. An examination discloses that those cases did involve two claims for the commission on a sale of real estate, and it was held that on account of the peculiar circumstances there involved the defendant had in effect subjected himself to liability to pay two commissions, that is, one to each of the two brokers, and that under such circumstances the defendant was not entitled to interplead the contending parties, but those decisions did not prohibit interpleader or consolidation in case of other circumstances where right and justice would require or justify it. Those decisions form no bar to such an interpleader or such a joinder in the circumstances existing here.

For error of the trial court in taking this case from the jury and in rendering judgment for the plaintiff when there were issues of fact to be submitted to the jury, the judgment is reversed and the cause remanded for any further proper proceedings.

CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur. HALLEY, V. C. J., and O'NEAL, J., dissent.