SOUTHEAST VETERINARY HOSPITAL, INC., a corporation, and Cecil G. Wells, Jr., Plaintiffs in Error,

v.

Eugene FINGERLIN, Jr., Defendant in Error.

No. 42525.

Supreme Court of Oklahoma.

June 9, 1970.

Owens & Goodman, Jerry L. Goodman, Tulsa, for plaintiffs in error.

Crawford, Rizley & Prichard, Glenn F. Prichard, David L. Wolfe, Jr., Tulsa, for defendant in error.

LAVENDER, Justice.

This appeal represents a challenge to the validity of an order of the trial court refusing to permit one of the plaintiffs in error, Southeast Veterinary Hospital, Inc., to intervene in the action in the trial court. We are of the view that the matter is more properly subject to disposition here because the said corporation was made a party defendant in the initial stages of the litigation; relief against it was sought by the plaintiff; and the corporation subsequently filed an answer in which it pleaded facts which substantially alleged a cause of action for affirmative relief against the plaintiff, and therefore the subsequent dismissal by plaintiff of his "cause of action" involving the corporation did not have the effect of removing that entity as a party from the litigation, but under 12 O.S.1961, § 684 and Brown v. Massey (1907), 19 Okl. 482, 92 P. 246, the said defendant should be permitted a hearing upon its prayer for affirmative relief against said plaintiff.

The circumstances giving rise to the controversy are, as briefly as we can state them, the following:

On June 9, 1965, the plaintiff (defendant in error) filed his petition in the trial court in which he alleged that on or about September 1, 1964, the above corporate party entered into a contract with him by the terms of which plaintiff was to put up $500.00 as a capital investment in exchange for which he was to be employed by the corporation at a salary equal to 50% of the net profits of the corporation; that he (plaintiff) thereafter performed his part of the agreement for a period from September 1, 1964, to January 30, 1965, for all of which period he received certain payments (identifying them as to amounts) but that such payments were inadequate to satisfy the terms of the contract. He prayed for an accounting against the corporation and for judgment in his favor for any deficiency in money that might be due him.

Although it does not seem to directly involve the corporate party, for a full understanding of the controversy, it should also be stated that in that same petition plaintiff alleged that Cecil G. Wells, Jr. (the other plaintiff in error in this court), in consideration of plaintiff's promissory note for $25,000.00, transferred to plaintiff 50% of the capital stock of the said corporation. (It appears undisputed that at that time Wells owned all of such stock.) A written agreement was alleged. A copy of it was attached. In that instrument it is provided

that at any time prior to March 1, 1965, plaintiff should be permitted to withdraw from the arrangement "without penalty." Plaintiff's petition then went on to allege certain payments made to Wells during the term of plaintiff's "employment" for which amounts, together with interest thereon, plaintiff sought to have refunded to him in the form of a judgment against Wells in plaintiff's favor. Plaintiff's theory apparently being that to permit Wells to retain these payments on the note would be tantamount to imposing a "penalty" upon plaintiff contrary to the agreement between the parties. In other words, plaintiff (according to his view of the contract) was to be permitted, at any time before March 1, 1965, to withdraw from the agreement—from his employment agreement with the corporation and from his obligation to complete payments on the note and he was to receive back all payments he had made including the $500.00 contribution to capital, as well as payments to Wells (on the note) given as consideration for the transfer of the stock. He could, of course, retain all payments made to him by the corporation. We intentionally express no opinion on the merits of this case.

In the corporation's (as well as Wells') answer—which was jointly filed—they alleged in effect that plaintiff was not to receive 50% of the net profits of the corporation during the term of his employment, but rather the sum of $600.00 per month. The $400.00 which he was paid in excess of that amount was to be applied to the note so that, if plaintiff be permitted to recover from Wells the amounts he (plaintiff) had paid on the note, plaintiff would—to that extent—be unjustly enriched at the expense of the corporation and it sought judgment—in that alternative—for such "overpayments." To this answer, the plaintiff filed his reply in the form of a general denial.

Thereafter, plaintiff filed a dismissal of his "first cause of action" which included that part of his original petition, as amended, which alleged a cause of action for an accounting and right to recover against the corporate defendant.

Thereafter, the defendants—acting jointly—filed an amended answer in which they in effect reiterated the allegations contained in the original answer insofar as those allegations pleaded a cause of action and prayer for affirmative relief in favor of both defendants against the plaintiff.

Thereafter, at a pre-trial of this matter in the trial court, that court entered its order in which it determined that the effect of plaintiff's dismissal of his "first cause of action" was to remove the corporate defendant from the case and that the case would proceed to trial with only the plaintiff and the defendant Wells.

Subsequent to the last action of the trial court, the defendants filed a petition to permit Southeast Veterinary Hospital, Inc. to intervene in the action on the ground that (because of facts stated therein and materially reproduced above) it had an interest "in the controversy adverse to the Plaintiff's and is a necessary party to a complete determination * * * of the question involved in this lawsuit." It is the action of the trial court denying that petition which has resulted in this appeal.

■ As we have already indicated above, we are of the view that, because the corporate defendant had filed its answer in which it alleged facts upon which it prayed affirmative relief against the plaintiff, the plaintiff's subsequent act in dismissing a part of his petition could not and did not have the effect of defeating the answering defendant's right to an adjudication upon the cause of action pleaded in its answer. The subsequent filing of an "amended answer" did not effect a change in the relationship because the identical relief was again asked for by the corporate defendant. Neither, we think, did the trial court's subsequent order, in which it determined the "effect" of plaintiff's dismissal of his first cause of action, effect the removal of the corporate defendant as a party to the action.

We hold that the dismissal by plaintiff of his "first cause of action" did not remove Southeast Veterinary Hospital, Inc. as a party from the litigation except to the extent that no relief in plaintiff's favor against said corporation was thereafter sought. Such fact does not prevent Southeast Veterinary Hospital, Inc. from recovering a judgment against plaintiff in its favor upon the facts alleged in its pleading.

The judgment of the trial court is accordingly vacated and the cause is remanded to the trial court with directions to reinstate Southeast Veterinary Hospital, Inc. as a party to the action and to proceed accordingly.

All of the Justices concur.