**WILLIAMS v. SWAN.**

No. 19820. Opinion Filed June 10, 1930.

Rehearing Denied Sept. 23, 1930.

L. A. Justus, Jr., for plaintiff in error.

S. A. Horton, for defendant in error.

ANDREWS, J. The record in this case shows that H. E. Swan, defendant in error, owned an option on certain real estate which was valuable for a deposit of limestone thereon and which he had had tested by engineers; that the value of the land was $1,400; that he had agreed to pay $1,400 for it; that he entered into a written contract with plaintiff in error whereby plaintiff in error agreed to pay for the land and to give the defendant in error a two-thirds interest therein; that plaintiff in error failed, neglected, and refused to perform the contract; that the defendant in error sued for a recovery of an amount equal to the value of that portion of that land that plaintiff in error had agreed to give to him; that a jury was waived, and that the trial court rendered a judgment in favor of the defendant in error for the amount sued for.

There is ample evidence to sustain the judgment of the trial court, and, applying

the usual rule, the judgment must be affirmed.

The contract sued on was lost. The defendant in error testified as to the terms thereof without proper objection on the part of the plaintiff in error.

Plaintiff in error contends that the evidence fails to show a consideration for the agreement to purchase the land. The defendant in error owned the option on the land, and when the plaintiff in error entered into the contract he, in effect, agreed to purchase the option of the plaintiff in error. That was a valuable consideration.

Plaintiff in error attacks the sufficiency of the petition, but the record does not show a demurrer thereto.

A supplemental motion for new trial was filed based on the ground that a copy of the written contract had been discovered. The record does not show a copy thereof or its terms. Plaintiff in error says that the copy was lost. The fact that the copy was lost would not authorize this court to determine what was in the instrument. There is nothing in the record to show what the instrument contained.

We do not think that there is any merit in the appeal, and the judgment of the trial court is affirmed.

LESTER, V. C. J., and CLARK, RILEY, and SWINDALL, JJ., concur. MASON, C. J., and HUNT, HEFNER, and CULLISON, JJ., absent.