## GEORGE P. SMITH OIL CO. v. TRAVIS REFINING CO.

No. 19841.   Opinion Filed July 7, 1931.

Rehearing Denied July 28, 1931.

Bowling & Farmer, for plaintiff in error.

M. S. Robertson, Albert Rennie, and Yerker E. Taylor, for defendant in error.

CLARK, V. C. J. This action was commenced in the district court of Garvin county by defendant in error against plaintiff in error. The parties will be referred to as they appeared in the trial court.

Plaintiff alleged that the defendant was indebted to it for goods, wares, and merchandise, sold and delivered to it, a balance due of $275.40, with 6 per cent. interest from September 1, 1926, and prayed for judgment for said amount. Itemized statement of debts and credits was set out in the petition. The petition was verified.

Motion to quash service and motion to

make more definite and certain were filed, but no ruling thereon appears from the record to have been made, and the defendant filed answer by way of general and special denial.

A jury was waived and the cause was tried to the court. At the close of plaintiff's evidence, defendant filed demurrer on the grounds the same was insufficient in law to establish the claim, and that at most it showed a verbal agreement to answer for the debt incurred for Van Nest Oil Corporation, and such agreement was contrary to the statute of frauds and void; and, if such agreement was made, it was further contrary to law and void as it was ultra vires. Demurrer was overruled. Exception saved. Defendant rested. Judgment was rendered for plaintiff. Motion for new trial filed. Overruled. Defendant brings the cause here for review.

The plaintiff in error presents its assignments of error under two propositions:

"(1) The court had no jurisdiction to hear and determine the matter."

This contention is without merit, as the defendant submitted to the jurisdiction of the court by filing its answer by way of general denial, without acting on its motions. And a general denial was insufficient to raise the jurisdictional questions raised by plaintiff in error in its brief.

"(2) The court erred in overruling the demurrer of the defendant to the evidence of the plaintiff and not rendering judgment for defendant."

The evidence disclosed that one E. B. Van Nest was handling the business for George P. Smith Oil Company, plaintiff in error, and also for Van Nest Oil Corporation, in the purchase of supplies from the defendant in error; that he purchased goods from plaintiff for both companies; and that he was an officer in both companies; that the credit of the Van Nest Oil Corporation for fuel oil became bad; that the credit of George P. Smith Oil Company was good; that when plaintiff below informed Van Nest that they. would not sell fuel oil to the Van Nest Oil Corporation on open account, Van Nest came back and advised plaintiff below that the George P. Smith Company would pay for the fuel oil; that the future account was charged on the books of plaintiff to George P. Smith Oil Company; that the account for the month of July was paid in full, both for fuel and accessories; that the August account was made out and sent the same as the other account. The accessories were paid by the George P. Smith Company, but, the fuel oil for which the suit is filed was not paid; that the other accessories purchased by Van Nest from plaintiff below and charged to the George P. Smith Company were paid for by the George P. Smith Company; that George P. Smith and Van Nest, in conversation with the contractor on well, advised the contractor to go ahead and start up, that they had made arrangements for fuel oil; that George P. Smith Oil Company had arranged for the oil, and that they. were going to get the oil from the Travis Refining Company, plaintiff below.

Without further discussing the evidence, this court has repeatedly held that a judgment rendered by a district court in a law action, a jury having been waived, will not be reversed by this court where there is any competent evidence to support the same; and after a review of the record in the case at bar, we hold that there is competent evidence to support the judgment of the lower court, and the judgment is affirmed.

LESTER, C. J., and RILEY, HEFNER, CULLISON, SWINDALL, ANDREWS, McNEILL, and KORNEGAY, JJ., concur.