MOTLEY v. WALLACE, Adm'r.

No. 31712. Feb. 27, 1945.

*155, P. 2d 356.*

F. J. Lucas, of Tulsa, for plaintiff in error.

B. C. Franklin and Hudson & Hudson, all of Tulsa, for defendant in error.

RILEY, J. This is an action by plaintiff in error against James I. Wallace, administrator of the estate of Lete Kolvin Stevens, deceased, to recover $3,274.27 for medicines furnished and medical services alleged to have been rendered to deceased from 1916 to 1929. Plaintiff attached to his petition a verified statement of his alleged account. The answer denied under oath the correctness of said account. Lete Kolvin Stevens died in March, 1930; Wallace was appointed administrator with the will annexed, about May, 1930. Plaintiff alleged that notice to creditors was not given until November, 1942, and that he presented his claim to said administrator February 24, 1943, within four months after such notice to creditors. Defendant alleged that effective notice to creditors was given and published by him about June, 1930, and pleaded plaintiff's failure to present his claim within four months thereafter.

A jury was waived and the cause was tried to the court. There was some evidence going to the question of which, if either, of the two alleged notices to creditors was valid. Finding and judgment was for defendant. There was no specific finding on the question of when notice was given to creditors. The evidence is in sharp conflict on the question of whether plaintiff ever furnished the medicines or rendered the medical services. At the close of all the evidence, the plaintiff moved for judgment in his favor. Defendant demurred to plaintiff's evidence. The court overruled plaintiff's motion for judgment in his favor and also overruled defendant's demurrer to plaintiff's evidence, and then made the finding as a part of the judgment: "That the al-

legations of plaintiff's petition are not supported by the evidence."

On appeal, plaintiff contends that the court erred in holding that the notice to creditors contended for by defendant was valid and that it was error to hold that plaintiff did not present his claim in time. The trial court made no such finding. In overruling defendant's demurrer to plaintiff's evidence, the court, in effect, held that plaintiff's claim was presented to the administrator in time.

The finding and judgment are based upon the evidence on the merits. The evidence being in conflict, the finding of the court has the same force and effect as the verdict of a jury and is not to be disturbed upon appeal if there is any competent evidence reasonably tending to support such finding. Smith Oil Co. v. Travis Refg. Co., 150 Okla. 279, 1 P. 2d 746; Williams v. Swan, 144 Okla. 9, 291 P. 103; Briggs v. Wright, 162 Okla. 183, 18 P. 2d 530; Simmons v. Maxey, 106 Okla. 252, 233 P. 669.

The record discloses competent evidence tending to support the findings of the trial court.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and OSBORN, BAYLESS, WELCH, CORN, and ARNOLD, JJ., concur.