James W. HOOPER, B. H. Hooper and Mary Hooper, Plaintiffs in Error,

v.

COMMERCIAL LUMBER COMPANY, of Muskogee, Oklahoma, Defendant in Error.

No. 37967.

Supreme Court of Oklahoma.

May 12, 1959.

Rehearing Denied June 16, 1959.

Chauncey D. Twine, Muskogee, for plaintiffs in error.

Norman & Wheeler, Muskogee, for defendant in error.

WELCH, Justice.

This is an action for breach of contract, filed in the district court of Muskogee County, Oklahoma, by James W. Hooper, B. H. Hooper and Mary Hooper as plaintiffs against Commercial Lumber Company, defendant.

Jury was waived, cause tried to the court, and judgment entered for defendant. Plaintiffs have perfected this appeal.

The plaintiffs in error first argue that trial court erred in not holding contract invalid because of its ambiguity and uncertainty.

Upon examination of the record we find that an oral agreement was reached between the plaintiff James W. Hooper and defendant through its agent, Ned Catlett, whereby the defendant was to construct a five room house consisting of three bedrooms upon Lot 5, Block 6, in the City of Muskogee, Oklahoma, for the benefit of the plaintiffs B. H. Hooper and Mary Hooper, grandparents of James W. Hooper, who was to pay $1,200 in cash, and execute a note and mortgage for the balance. The contract was reduced to writing and executed by plaintiffs, B. H. Hooper and Mary Hooper, and defendant Commercial Lumber Company.

The written contract provided that for certain consideration the defendant agreed to construct the residence, setting forth the location, overall size of building, including a bedroom on the rear and porch on front. The contract provided that building was to be built according to the attached plans and the following specifications, setting forth the specifications in considerable detail in the body of the contract. However, no plans were attached. It also provided that plaintiffs were to furnish a merchantable title as required by the lending agency.

There is no question but that the contract is somewhat ambiguous without the plans which were not attached, although referred to in said contract. However, the evidence reveals that there was an understanding between the parties as to the nature of said construction. The plans which were apparently in accordance with the agreement and included the number of rooms as agreed to orally between the parties were introduced in evidence. The defendant contends that the plaintiffs have failed to comply with requirements as to title made by attorney for loan company, and it is for that reason defendant has failed to proceed with construction. However, the foundation has been laid and some construction for the frame work completed by defendant. The main contention of plaintiffs is based upon the fact that plans had not been furnished plaintiffs prior to trial, and that time is the essence of the contract, and that there has been undue delay, although no time is specified in the contract.

James W. Hooper was home on leave from the U. S. Air Force at the time the agreement was entered into and only had a few days, therefore the contract apparently was prepared on short notice and it was orally agreed that defendant would furnish plans which contract recited were attached, at a later date, and the written contract was apparently executed by plaintiffs with that understanding.

It appears that all parties to the contract have failed to fully comply with the express terms set forth therein. However, said failure has not rendered any great injustice to any of the parties, except as to delay of construction which was apparently caused by plaintiffs not complying with the requirements of the loan company.

■ Title 15 O.S.1951 § 235 provides that party proceeding to rescind a contract must either restore or offer to restore to other party everything of value which he has received from him under the contract.

In the case of Holcomb & Hoke Mfg. Co. v. Jones, 102 Okl. 175, 228 P. 968, we held:

"A party attempting to rescind a contract must comply with the statutes by offering to restore, or by restoring, everything which is of value to him or the adverse party which he has received under the contract. His failure to do so is fatal to his cause of action."

The plaintiffs here are attempting to recover the $1,200 paid to defendant at the time of the execution of the contract, together with interest from date of payment. The record reveals that the defendant has partially performed its part of the contract by constructing the foundation and completing a part of the frame work upon the building. There is no offer on the part of the plaintiffs either in the pleadings or during the trial to restore or reimburse the defendant for this portion of construction.

■ On rescission of a contract it is avoided ab initio, and the rights of the parties in reference to the subject-matter of it are the same as if no contract had ever been made. Rescission places the parties in the position they would have occu-pied if the contract had never existed. When a defrauded party annuls a fraudulent contract and reclaims what he lost thereby, he obtains complete reparation, but he cannot both retain what he received and recover what he paid out. The reason is obvious. The contract being tainted with fraud is voidable at his option, and if he sees fit to avoid it, he can no longer enforce any part thereof, and no action can be based on the contract itself.

Although this action is referred to by plaintiffs as an action for breach of contract, they have failed to produce any evidence of a breach, other than failure on part of defendant to furnish plans as referred to in the written contract. The evidence produced at the trial revealed there was a set of plans and house was being constructed in accordance therewith. The plaintiffs did not attempt to prove that these plans were not in accordance with their understanding of how the house was to be constructed. There is no evidence in the record revealing that plaintiffs have suffered by plans not having been attached to the contract or furnished them for their observation and inspection.

■ A contracting party cannot rescind or terminate the contract because of his own breach, but his right must be afforded by the opposite party, and one party will not be permitted by his breach to create a condition which will tend to bring the other party in default and then assert that such party's rights are forfeited by a default so caused. 17 C.J.S. Contracts. § 423, p. 910.

■ The contract provided that plaintiffs would furnish a merchantable title to property upon which the house was to be constructed. The lending agency which was to loan the balance over $1,200, through their attorney, had made certain requirements of plaintiffs with reference to the title of said property, which plaintiffs failed to perform, and the lending agency would not make a commitment to execute the loan and furnish the money. Therefore the delay in construction on the part of the de-

fendant was due to this breach on the part of the plaintiffs, and not due to any breach on its part.

It is a well-established rule of law in this jurisdiction that a judgment of district court in an action of legal cognizance on waiver of a jury will not be reversed, where supported by any competent evidence. Some of the more recent cases following this rule are George P. Smith Oil Co. v. Travis Refining Co., 150 Okl. 279, 1 P.2d 746, and Williams v. Swan, 144 Okl. 9, 291 P.2d 103.

Judgment affirmed.