### BAKER v. EBAHOTUBBI, Adm'r.

No. 16806—Opinion Filed April 27, 1926.

1. **Covenants—Breach of Warranty—Action not Maintainable by Purchaser of Interest in Land Duly Recognized in Partition Sale.**

Where a party purchases an undivided one-fifth interest in real estate, which has been conveyed to him by a warranty deed, while an action for partition by the owner of an undivided three-fifths interest is pending, he cannot recover damages for breach of warranty after a decree for partition, in which it was determined that his grantor owned the undivided one-fifth interest therein, and where the purchase money to the total amount of the value of his undivided one-fifth interest has been deposited with the clerk of the trial court for his benefit by the grantee under the sheriff's deed.

2. **Same — Partial Breach of Warranty Where Two Tracts Bought for Lump Sum and Respective Values not Shown.**

Where, under the above circumstances, the warranty deed conveys two separate tracts of land, situate in different counties, and the consideration for the total acreage was paid in a lump sum and only one of the tracts of land has been partitioned and there is no proof offered to show what part of the consideration was paid for the tract partitioned and what part of the consideration was paid for the other tract that is undisturbed, under section 5980, Comp. Sta's. 1921, the grantee cannot recover for a partial breach of the covenant of warranty, and where the evidence fails to show the proportion of the price or the value of the property affected by the breach bears to the value of the whole property, the grantee cannot recover in an action for breach of warranty.

(Syllabus by Thompson, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, McCurtain County; G. M. Barrett, Judge.

Action by C. P. Baker against Moffin Ebahotubbi, administrator of the estate of Fannie Ebahotubbi, deceased. Judgment for defendant, and plaintiff brings error. Affirmed.

G. H. Montgomery, Lydick, McPherren & Wilson, and M. E. Jordon, for plaintiff in error.

A. G. Etheredge and J. Will Jones, for defendant in error.

Opinion by THOMPSON, C. This action was commenced in the district court of McCurtain county, Okla., by C. P. Baker, plaintiff in error, plaintiff below, against Fannie Ebahotubbi, who died pending the action, and the cause was revived in the name of Moffin Ebahotubbi, administrator of her estate, defendant in error, defendant below, to recover damages for breach of covenant of warranty in a deed to real estate. The parties will be referred to as plaintiff and defendant, as they appeared in the lower court.

The record shows that Fannie Ebahotubbi was the owner of an undivided one-fifth interest, which she inherited in the south half of the southeast quarter of the southeast quarter of section 18, and the north half of the northwest quarter of section 20, township 2 north, range 6 west, and the northeast quarter of the southeast quarter and the east half of the west half of the southeast quarter and the north half of the southeast quarter of the southeast quarter of section 18, township 2 north, range 6 west, situate in Stephens county, Okla., and the east half of the northwest quarter and the west half of the northeast quarter of section 35, township 9 south, range 25 east, situate in McCurtain county, Okla., and that, on the 24th day of August, 1919, she conveyed by general warranty deed the lands above described, to one D. B. Strawn, and in the granting clause occurs, before the above description, the words, "an undivided one-fifth interest in and unto." Then follow the covenant of seizin and warranty of title. This land was bought for and afterwards conveyed to the plaintiff, C. P. Baker. At the time of the execution of the deed by Fannie Ebahotubbi to D. B. Strawn there was pending in the district court of Stephens county a partition proceeding, instituted by the owner of an undivided three-fifths interest in the lands, to partition the 200 acres in Stephens county, above described, and, on the 23rd day of August, the day

before the above deed was executed, a decree of the district court of Stephens county was entered of record, declaring Fannie Ebahotubbi to own an undivided one-fifth interest in the title to said 200 acres, and ordered a partition thereof. Commissioners were appointed in said proceeding by the court to appraise said lands, which was accordingly done, and C. C. Hatchett, the owner of an undivided three-fifths interest in the lands in Stephens county, elected to take the lands at the appraised value, and paid the money into court for Fannie Ebahotubbi's undivided one-fifth interest, which sum, amounting to over $600, was paid to C. P. Baker, under stipulation that the acceptance of said money should, in no wise, affect his claim in this action, which was then pending. The partition proceeding seemed to be regular in every respect, and in conformity with the statute laws of this state, and it will be observed that the one-fifth interest in the lands conveyed, situate in McCurtain county, was not in any way affected by this action, and that the plaintiff, C. P. Baker, has an unquestioned title to her undivided one-fifth interest in the McCurtain county land, so far as this record discloses. Under this state of the record, and the proof conforms to the statement heretofore set forth in this opinion, we are clearly of the opinion that the covenant of warranty was not breached, and that there was no failure under the covenant of warranty, and that C. P. Baker, the plaintiff herein, bought an undivided one-fifth interest in the lands of Fannie Ebahotubbi, and that, under the statute law of this state, he was bound to know that the same was subject to an action for partition by any of the other interested parties who owned the other undivided four-fifths interest in said lands; that, under the record, his agent, S. E. Johnson, had actual notice, and plaintiff had constructive notice, of the pendency of the action for partition then pending in Stephens county, and, under such circumstances, and under the very finding in the decree of partition, where the court found that his grantor, Fannie Ebahotubbi, owned and was seized, at the time of the execution of the deed, of the undivided one-fifth interest, conveyed by her deed and of which she had never been divested, and that C. P. Baker, through his grantor, D. B. Strawn, received all the title conveyed by the very terms of the deed of the undivided one-fifth interest of Fannie Ebahotubbi. The finding of the trial court, sustaining the demurrer to plaintiff's evidence, its instruction to the jury, and its judgment in this

case, where it was held that C. P. Baker, the plaintiff herein, had sustained no damages and that he had proven no case for the recovery of damages in this action, in our opinion, were correct. The record discloses that there were two separate tracts of land, situated in different counties, heretofore described; that the two tracts of land were bought for a stated consideration for the entire acreage, and that the title to the 160 acres in McCurtain county is still in C. P. Baker; that there was no proof of how much of the consideration went for the 160 acres in McCurtain county, or how much of the consideration went for the acreage in Stephens county, and, under the statute law of this state, plaintiff's proof failed, for under section 5980, Comp. Stats. 1921, he, as grantee, could recover, in a case where the breach is partial only, but such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property, and there is an absolute failure of proof by the plaintiff to show what the proportionate value of the two tracts of land, conveyed by the deed, was, and he failed to show what proportion of the value of the McCurtain county land bore to the Stephens county land.

We are, therefore, of the opinion that the judgment of the lower court should be and it is hereby affirmed.

By the Court: It is so ordered.

Note.—See under (1) 15 C. J. p. 1291 § 163 (Anno). (2) C. J. p. 1308 § 207; page 1321 § 224; 17 C. J. p. 1024 § 322.