## COLE v. RAMSEY.

No. 17501—Opinion Filed April 5, 1927.

(Syllabus.)

1. **Appeal and Error—Reversal—Prejudicial Error Necessary—Incompetent Evidence.**

Before a cause will be reversed on account of the admission of incompetent evidence, it must affirmatively appear that the admission of such evidence resulted prejudicially to the interests of the one making such objection.

2. **Same—Sufficiency of Evidence—Conclusiveness of Verdict.**

In a civil action triable to the jury, where there is competent evidence reasonably tending to support the verdict of the jury, and no prejudicial errors of law are shown in the instructions of the court or its ruling on law questions presented during the trial, the verdict and finding of the jury will not be disturbed on appeal.

3. **Trial—Refusal of Requested Instruction Covered in Charge.**

It is not reversible error to refuse an instruction which states the law of the case correctly, where the court has in other instructions covered the point presented by the instruction refused.

Error from District Court, Oklahoma County: Sam Hooker, Judge.

Action by Eliza Cole against W. E. Ramsey for damages. Judgment for defendant, and plaintiff appeals. Affirmed.

G. A. Paul and A. Gray Gilmer, for plaintiff in error.

Allen & Jarman, for defendant in error.

MASON, V. C. J. The plaintiff in error was plaintiff and the defendant in error was defendant in the trial court, and, for convenience, they will be referred to herein as they there appeared.

On June 23, 1925, the plaintiff was walking west on 18th street, in Oklahoma City, and when she reached a point on the sidewalk opposite and in front of the residence of

the defendant. which is located at the intersection of 18th street and Walker avenue, she slipped on the sidewalk and fell, breaking her left arm. Water, coming from the defendant's yard, which is terraced and about six or seven feet higher than the sidewalk, flowed over and across the sidewalk and formed a slick substance upon which the plaintiff slipped, causing her to fall.

This action was commenced by the plaintiff to recover damages in the sum of $25,-116.50 from the defendant for said injury.

The theory of the plaintiff, which her evidence tended to support, was that the defendant had installed a sprinkling system in his yard which had developed a leak in one of the pipes, causing water to flow over and across the sidewalk, forming a slick substance which was the proximate cause of her injury.

The theory of the defendant, which was supported by evidence, was that the slippery condition of the sidewalk resulted from natural causes, viz., rainfall and gravitation which caused water to flow naturally down the terrace onto and across the walk.

Judgment of the trial court, which was based upon the verdict of a jury, was rendered for the defendant, from which the plaintiff appeals.

No contention is made by the plaintiff that the defendant would be liable if the slippery condition of the sidewalk was caused by natural causes.

For reversal. it is first urged that the trial court erred in admitting certain evidence that all the terraces in the addition, which included the property of the defendant, were high and that water was running or seeping from them after a rain. It is contended that this evidence should have been limited to the terrace of the defendant. This evidence evidently was introduced to show the general condition of the territory in which defendant's property was located. Evidence of this nature seems to have been given by witnesses for both parties, and therefore the plaintiff should not be heard to complain. Conceding, however, that such evidence was incompetent, its admission was harmless under the issues in the case and instructions of the court.

Plaintiff next contends that the trial court erred in denying plaintiff's motion for new trial because of alleged misconduct of the jury. Said motion was supported by an affidavit of a third person, which was controverted by evidence offered by the defendant. Counsel for plaintiff fail to set out in their brief the alleged misconduct and cite no authorities in support of such contention, as required by the rules of this court. We, therefore, will treat this assignment as having been waived by counsel for plaintiff.

Counsel for plaintiff next contend that the verdict of the jury and judgment of the trial court are contrary to the evidence. The record discloses competent evidence reasonably tending to support the veerdict of the jury, and, therefore, under the well-established rule, the same will not be disturbed by this court on appeal on the grounds of insufficiency of the evidence.

Complaint is next made because the court gave instruction No. 8 and refused to give plaintiff's requested instruction No. 2. Instruction No. 8 embodied the theory of the defendant, and, in substance, advised the jury that if they found said defective condition of the sidewalk was caused from natural causes they should return their verdict in favor of the defendant. We see no error in the giving of this instruction.

Instructions Nos. 6 and 7, as given by the court, embodied the theory of the plaintiff and included every element thereof as embodied in plaintiff's requested instruction. The refusal of the trial court to give said requested instruction No. 2, therefore, was not error.

From an examination of the entire record herein, it appears that the issues were clearly drawn and were presented to the jury under proper instructions of the court. Inasmuch as the evidence was conflicting, we cannot go behind the verdict of the jury.

The judgment of the trial court is affirmed.

BRANSON, C. J.. and LESTER, CLARK, and RILEY. JJ.. concur.