## BURLISON v. WATSON.

No. 19142. Opinion Filed June 4, 1929.

Eck E. Brook, for plaintiff in error.

Harry G. Davis, for defendant in error.

HALL, C. This was an action for damages resulting from the destruction by fire of a small building belonging to plaintiff, the plaintiff in error herein. The action was based upon the alleged negligent setting of a trash fire, or the negligent handling or management of the trash fire after it was set by defendant.

The theory upon which the plaintiff based his cause of action was that defendant, in burning papers and trash near his place of business, permitted the fire to escape to adjoining dead and combustible grass, where it crept across a vacant lot to plaintiff's premises, and thereby the building was ignited or set on fire from the burning grass. The evidence reasonably sustained that contention. On the other hand, the defendant contended that, although he had kindled two trash fires that day, he had thoroughly extinguished them before the grass on the vacant lot was ignited; and that the fire which consumed plaintiff's property likely had its origin in some other place. There was evidence supporting defendant's contention and his defense. The jury returned a verdict for defendant. Judgment was rendered and an appeal therefrom was lodged in this court.

1. The first proposition is directed at the sufficiency or insufficiency of the evidence to sustain the verdict of the jury and the judgment in the case. The plaintiff did not demur to the evidence of defendant nor move for a directed verdict. It is a general rule in our appellate procedure that:

"Where a demurrer is not interposed to the evidence or a directed verdict requested, the insufficiency of the evidence to sustain the verdict cannot be reviewed by this court." Schmucker v. Clifton, 62 Okla. 249, 162 Pac. 1094; Reed v. Scott, 50 Okla. 757, 151 Pac. 484; Cimpson v. Mauldin, 61 Okla. 92, 160 Pas. 481; Amons v. Howard, 111 Okla. 195, 239 Pac. 217.

The above rule, of course, is correct only when it presupposes that in support of the verdict there was introduced at the trial some legal evidence from which the jury, upon some rational hypothesis, could have rendered the particular verdict which they rendered. This court has consistently held that it is the duty of the trial court, upon his own motion, to correctly and properly instruct the jury as to the issues in the case, and the law applicable thereto; and that it is fundamental error to fail to do so. Okla. Prod. & Ref. Corp. v. Freeman, 88 Okla. 166, 212 Pac. 742; Helsel v. Fletcher, 98 Okla. 285, 225 Pac. 514; Schulte v. Garrett, 99 Okla. 52, 225 Pac. 904.

Where the evidence and all the inferences to be drawn therefrom fail to raise a material issue, it becomes the duty of the court upon his own motion to properly instruct the jury as to their duty in the premises, and to direct a verdict for the party entitled thereto. Any other rule would be too lightly considering the duties of the trial court. The value of a motion for a directed verdict lies in the fact that, where such motion is formally made, the court will examine and consider the evidence of the adverse party with more scrutiny to determine a lack of a reasonable basis for a verdict in his favor. than he otherwise would do in case no such motion is made. But the motion is not jurisdictional, and this court, with or without such motion, will correct fundamental errors, one of which may be a verdict of a jury

44

unexplainable on any rational hypothesis. To hold otherwise would be equivalent to saying that a technical and almost meaningless rule of legal procedure could thwart the ends of justice. However, in the present case, the verdict of the jury is not without some reasonably substantial basis.

Plaintiff in error next complains of the action of the trial court in admitting in evidence over his objection the testimony of the tax assessor, disclosing the assessed valuation of the property destroyed, for the purpose of establishing its value. The testimony of the assessor, testifying from his records, was to the effect that for certain years the lot upon which the house was situated was assessed for a certain sum, and the house or improvements were separately assessed at a certain sum, and that for the three years immediately preceding the date of the destruction of the house by fire, the lot alone was assessed, and assessed at the same sum at which it had been previously assessed, to wit $175. The improvements were not assessed in any amount. It seems the usual assessment in amount had been made against the improvements, but the equalization board struck it off.

The admission of this testimony was clearly error, and doubtless was materially damaging to plaintiff. The great overwhelming majority of the courts reject testimony of this character to prove value in a proceeding of this nature. The rule is stated in 2 Jones' Commentaries on Evidence (2nd Ed.) sec. 701, as follows:

"It is a general rule that the assessed valuation of property is not evidence of its value for other than taxing purposes. This rule has received frequent application in eminent domain proceedings."

It has been held, and the rule is perhaps sound, that positive declarations, oral or in writing, made to the assessor by the owner, purporting to declare the true value of the property, may be used against the owner as an admission or to contradict his testimony regarding a different value. Patch v. Boston, 146 Mass. 52, 14 N. E. 770; Baltimore v. Himmel, 135 Md. 65, 107 Atl. 522. However, that question is not before us, and it is not here decided. In the present case the official valuation was the basis of the testimony for proving or disproving value. This testimony in the hands of the jury was highly prejudicial to plaintiff; the testimony not only might have been considered by the jury to determine that the property had no value and therefore the plaintiff suffered no loss, but, in addition thereto, it

might have been considered by them as discrediting plaintiff's testimony on other points. Defendant in error insists that the admission of the testimony was harmless for the reason that some of defendant's own witnesses testified that the property destroyed by fire had some value. That contention is untenable for the reason that we have no way of determining whether or not the jury believed the testimony of these witnesses as to value or accepted the valuations placed thereon by the county assessor and the board of equalization.

For the reason above set forth the judgment of the trial court is hereby reversed, and the cause is remanded for a new trial.

LEACH, HERR, JEFFREY, and DIFFENDAFFER, Commissioners, concur.

By the Court: It is so ordered.

Note.—See "Appeal and Error," 3 C. J. §746, p. 839, n. 40. "Evidence," 22 C. J. §122, p. 178, n. 33.