SAUTBINE v. C. I. T. CORPORATION.

No. 24143.   May 7, 1935.

Rehearing Denied June 11, 1935.

Ledbetter, Stuart, Bell & Ledbetter, for plaintiff in error.

Pierce, McClelland, Kneeland & Bailey, for defendant in error.

PER CURIAM. On the 3rd day of February, 1928, Willis G Saubine was treasurer and principal stockholder of the Western Motor Company (holding 70 per cent. of its stock), and on that date he executed to the C. I. T. Corporation a guaranty of all automobile paper that might thereafter be bought by the corporation from his company. It was agreed on the face of this guaranty that same should continue indefinitely until "termination sent to you and each of you by registered mail naming date of termination".

Thereafter the C. I. T. Corporation bought (among other notes) from the Western Motor Company certain automobile paper executed by E. L. Long and C. G. Jackson, and on which notes said makers thereof made default and judgment was rendered in favor of said corporation against said makers and the Western Motor Company.

This action was thereupon brought by the C. I. T. Corporation against Willis G. Sautbine on his contract of guaranty, and by way of defense he pleaded that, on the 15th day of May, 1929 (and before the execution of the Long and Jackson notes), he delivered in person to the office of the C. I. T. Corporation a letter which was (omitting address and signature) as follows:

"You are hereby notified that I will not be responsible for any acts or obligations by or in behalf of the Western Motor Company, a corporation, of Oklahoma City, or C. D. Sautbine".

The delivery of this letter to and its receipt by the C. I. T. Corporation was denied by way of reply, and the case went to trial solely upon this question of fact. Upon submission to a jury, a verdict was returned in favor of the C. I. T. Corporation and against the defendant, Willis G. Sautbine, and he has appealed to this court.

The defendant, Sautbine, testified affirmatively that he delivered the letter pleaded in his answer. The testimony of the C. I. T. Corporation on the part of all of the employees working in its office on the 15th day of May, 1929, was necessarily negative and to the effect separately that no such letter was ever delivered to them. After one of the employees. Kenneth Hoffman, had testified that no such letter had ever been delivered to him by Mr. Sautbine, he was asked the following question:

"Q. Did any one in your office ever tell you that such a letter had been delivered there? A. No, sir"

—and complaint is made by defendant that this evidence was incompetent and its admission error. This testimony was not specially material and was carrying the negative character of its showing to a rather extreme limit; but the question and answer were innocuous and not especially material, in view of the testimony of all the other witnesses, and its admission at least does not constitute reversible error.

Complaint is further made that the court allowed Sautbine to be asked on cross-examination about his connection with the Western Motor Company on the 3rd day of February, 1928, and being required to answer that he was its treasurer. Upon objection being made to this line of questioning, the trial court overruled the objection but made the following observation to the jury as to its effect:

"I will say to the jury at this time that the fact that the defendant may or not have been connected with the Western Motor Company will not affect his liability as guarantor in this case: will not create a liability or defeat a liability".

While the connection of the defendant with the Western Motor Company at any time did not create liability on the part of the defendant as a guarantor (this being controlled by his signing of the contract of guaranty and the question of his withdrawal therefrom), it was at least thoroughly competent as a circumstance throwing light upon his interest in remaining on the contract of guaranty and the probability of his withdrawal therefrom. In addition to this, one witness for the plaintiff, S. P. Clark, testified that in the latter part of the year 1930 (and more than a year after the alleged giving of the letter of withdrawal), Sautbine told him that:

"I cannot see why you are so worried about your money because I am really the Western Motor Company, the one who is responsible, and further, the one for you to deal with."

No question is or could be made that this statement against interest was admissible to the jury, and the cross-examination as to his interest and connection was at least incidental to the whole issue and a circumstance to be considered by the jury in connection with all other facts and circumstances as throwing light upon his probable withdrawal or not from the contract of guaranty.

The principal complaint on the part of the defendant seems to be that the trial court refused to give his requested instruction with respect to said alleged letter of revocation.

"The burden of proof is therefore on the defendant, Sautbine, to establish to your minds by a fair preponderance of the evidence that such letter of termination and revocation of said guaranty contract was by the defendant, Sautbine, on or about the 15th day of May, 1929, and within office hours on said day, delivered by him to the plaintiff's said office in Oklahoma City to said person then in said office and apparently in charge of the business of said office, and if he does so show to your minds by a fair preponderance of the evidence, then your verdict should be in favor of the defendant."

As a matter of fact, the entire case turned upon one point—that is, did or did not the defendant, Sautbine, deliver the alleged letter of revocation or termination of contract of guaranty to the plaintiff. The instructions of the trial court clearly told the jury that its verdict should be controlled by its finding upon that question. We find no error in the giving or refusing of instructions.

Error is further claimed in that no showing was made by the plaintiff, C. I. T. Corporation, that executions had been issued on the Long and Jackson judgments and returned "no property found". The journal entries showing the rendition of the judgments were introduced in evidence, and they were prima facie on the question of default and loss. With a prima facie showing on the part of the plaintiff of default and loss, and in the absence of any contrary showing by the defendant on this question, it was not necessary for it to go further into details showing to negative something (that is, payment or collection) with respect to which defendant did not even offer evidence. It is true that allegation was made by plaintiff as to issuance and return of executions, but this was a surplus allegation. The complaint of the defendant in this respect is entirely without merit.

Further ground of alleged error is that the plaintiff was allowed to recoup against the defendant for attorney's fees on the judgments on the Long Jackson notes. However, the guaranty bond which defendant signed provided that:

"We agree to pay any and all loss, costs, attorney's fees or expenses which may be suffered by reason of said dealer's default"

—and it is sufficient answer to this criticism to say that "It is so nominated in the bond". Even if plaintiff were not entitled to recover these attorney's fees, it would not entitle defendant to a reversal, as they appear in the record as a known and fixed amount and the error could be cured by remittitur.

Considerable space is devoted in defendant's brief to the contention that the verdict and judgment is not sustained by the evidence. It is the ordinary rule that where the evidence is conflicting, and there has been introduced any competent evidence reasonably tending to support the verdict of the jury, it will not be disturbed by this court on appeal. However, in this connection, we will further say that we have examined the entire record in this case and have read all the evidence offered on both sides, and the verdict of the jury is amply sustained thereby.

Finding no error in the proceedings, the judgment of the trial court is affirmed.

The Supreme Court acknowledges the aid of District Judge E. A. Summers, who assisted in the preparation of this opinion. The District Judge's analysis of law and facts was assigned to a Justice of this court for examination and report. Thereafter, the opinion, as modified, was adopted by the court.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, CORN, and GIBSON, JJ., concur.