## MID-CONTINENT PETROLEUM CORPORATION v. FISHER.

No. 28365.    Oct. 4, 1938.

Rehearing Denied Nov. 15, 1938.

J. C. Denton, R. H. Wills, J. H. Crocker, J. P. Greve, I. L. Lockewitz, and R. J. Roberts, for plaintiff in error.

Geo. C. Crump and H. W. Carver, for defendant in error.

OSBORN, C. J.    O. L. Fisher sued the Mid-Continent Petroleum Corporation for damages to realty resulting from oil field pollution. Upon trial the jury returned a verdict in his favor in the sum of $600, and the trial court rendered judgment thereon. The Mid-Continent Petroleum Corporation appeals from that judgment.    We shall hereafter refer to the parties as they appeared in the trial court.

Plaintiff was the owner of a 40-acre tract of land through which a creek flowed.    The defendant drilled several oil wells on the watershed of said creek above plaintiff's land and the salt water and oil from these wells polluted the creek.    Plaintiff alleged that the creek had overflowed his land several times since becoming polluted with salt water and oil sediment, and that as a result the fertility of his soil and a number of pecan trees had been destroyed.    Plaintiff sought and recovered permanent damages, but in his petition alleged that the nuisance created by the defendant in permitting said salt water and oil to escape into the creek was temporary and could be abated.    Upon trial the defendant admitted polluting the creek, but contended that plaintiff's land had not been permanently damaged.    We shall discuss the evidence and the court's instructions in conjunction with the defendant's assignments of error.

The defendant's first assignment of error is that the trial court erroneously instructed the jury as to the measure of damages.    The court instructed the jury that the measure of plaintiff's damages, if any, was the difference between the fair cash market value of the land prior to pollution, if the same was polluted, and the fair cash market value of the land thereafter.    The defendant contends that the proper measure of damages was the loss of use or rental value sustained by the plaintiff to the date of filing the suit because the nuisance, which caused the damage, was abatable, and "a temporary in-

jurious condition will not support a judgment for permanent damage to realty." However, this court has heretofore held that permanent damage can result from a temporary and abatable "injurious condition." Oklahoma City v. Page, 153 Okla. 285, 6 P.2d 1033; Mid-Co Gasoline Co. v. Back, 95 Okla. 29, 217 P. 1041; Commercial Drilling Co. v. Kennedy, 172 Okla. 475, 45 P.2d 534.

The rule of damages stated by the defendant is a correct rule when applied to the proper factual situation, and has been followed by this court when the damage suffered was temporary and susceptible of being remedied by the expenditure of money or labor. City of Cushing v. High, 73 Okla. 151, 175 P. 229; City of Ardmore v. Orr, 35 Okla. 305, 129 P. 867. But in the instant case the plaintiff sought to recover compensation for permanent damage to his realty. Either the damage or the cause of the damage can be permanent, in the legal sense, or temporary, but the rule of damages applicable in a given case is determined by whether the damage suffered is permanent or temporary rather than whether the cause of the damage is permanent or temporary and susceptible of being remedied and abated. Oklahoma City v. Page, supra; Oklahoma City v. West, 155 Okla. 63, 7 P.2d 888; Herwig v. City of Guthrie, 182 Okla. 599, 78 P.2d 793; Mid-Co Gasoline Co. v. Back, supra; Commercial Drilling Co. v. Kennedy, supra, Consequently, the trial court did not err in its instruction to the jury on the measure of damages.

Defendant also contends that the verdict of the jury was excessive, but from a careful examination of the record herein it does not appear that the jury committed any gross and palpable error, or acted under improper bias, influence or prejudice, or totally ignored the rule of law by which damages were to be determined. Unless one of these factors appears, this court will not set aside a verdict because of excessive damages. O. G. & E. Co. v. Oliphant, 172 Okla. 635, 45 P.2d 1077; Ponca City v. Reed, 115 Okla. 166, 242 P. 164.

Defendant further insists that the "trial court committed reversible error in permitting plaintiff's witness, Vance, to testify as to the difference in the value of the land involved before and after the alleged injury." Vance testified as to the value of the land after pollution, but stated that he had not been upon said land since the damage occurred; consequently, he was not qualified to testify as to this, and his testimony should have been excluded, but in the light of the other testimony we fail to find wherein it affirmatively appears that any substantial right of the defendant was prejudiced. Sautbine v. C. I. T. Corp., 172 Okla. 526, 45 P.2d 764; Fixico v. Harmon, 180 Okla. 412, 70 P.2d 114. Vance's testimony was merely cumulative on the question of damages, since four other witnesses for the plaintiff had testified as to the depreciation in value of the land involved. In fact Vance placed a higher valuation on the land subsequent to the pollution than any other witness for the plaintiff.

As to defendant's other assignments of error, there is a serious conflict of testimony, but an examination of the record discloses competent evidence reasonably tending to support the finding of the jury, and, that being true, this court will not disturb the verdict on appeal. Devonian Oil Corp. v. Hurt, 169 Okla. 114, 36 P.2d 24.

The judgment of the trial court is affirmed.

BAYLESS, V. C. J., and WELCH, HURST, and DAVISON, JJ., concur. RILEY, PHELPS, CORN, and GIBSON, JJ., absent.