PEOPLES FINANCE & THRIFT CO. v. FULLER et ux.

No. 31488.  June 12, 1945.

Rehearing Denied Oct. 9, 1945.

*162 P. 2d 189.*

Chas. D. Scales, of Oklahoma City, for plaintiff in error.

John W. Mee, of Oklahoma City, for defendants in error.

OSBORN, J.  This action was instituted by the defendants in error, hereinafter referred to as plaintiffs, against the plaintiff in error, hereinafter referred to as defendant, to recover damages for alleged breach of a contract of sale and breach of warranty in a deed delivered pursuant to such contract, the alleged breach consisting of a failure to convey the full fee-simple title to certain described real estate, with the exception of an oil and gas lease mentioned in the contract.

The plaintiffs in their petition alleged, in substance, that on or about the 15th day of March, 1936, the defendant contracted in writing to sell certain real estate to one H. A. Orr or his assigns for the total consideration of $1,500 as set forth in the contract, a copy of which was attached to the petition; that H. A. Orr and his wife assigned said contract to one John Burroughs, and that on or about the 28th

day of December, 1937, the said John Burroughs for valuable consideration assigned and transferred the contract to these plaintiffs, and that pursuant to said contract these plaintiffs did, on or about the 8th day of February, 1938, pay to the defendant the balance of the purchase price, except a certain portion which was represented by a second mortgage in favor of the defendant, and the defendant executed and delivered a warranty deed to all the described real estate subject to an oil and gas lease; that on or about the 1st day of April, 1938, the plaintiffs discovered that the defendant did not own all the royalty at the time they made the contract or at the time they made and delivered the warranty deed, but were only vested with a one-fourth interest therein; that the royalty under said real estate was actually worth the sum of $1,500 on March 15, 1936, the date of the contract of sale; that the value of said real estate with only one-fourth of the oil and gas royalty at the time the contract of sale was made was $650; that the value of all the oil and gas royalty at the time of the making of said warranty deed was the sum of $1,-800, and the value of the three-fourths to which these plaintiffs would be entitled but did not receive was the sum of $1,350. The plaintiffs prayed for judgment for $1,350 damages, order canceling the balance due the defendant upon the purchase, and for attorney's fee and costs. Copies of the original contract of sale, the assignments, and the warranty deed were attached to the petition as exhibits.

To this petition the defendant filed a motion to require the plaintiffs to separately state and number the alleged causes of action so as to show the amount claimed as damages for breach of the contract and the amount claimed as damages for breach of the warranty and the cause of action seeking cancellation of the promissory note and plaintiffs' claim to attorney's fee. This motion was overruled and exception was saved by the defendant. Defendant then interposed a general and special de-murrer, but it is only necessary to consider the general demurrer. This demurrer was overruled and exception allowed, after which the defendant filed an answer.

The answer contained a general denial and additional allegations which were, in substance, that the defendant purchased the real estate described in the petition, including, however, only one-fourth of the mineral rights at a sheriff's sale, of which the plaintiffs had constructive and actual notice and plaintiffs could not be innocent purchasers. The defendant admits the execution of the sales contract, the assignments, and the warranty deed, but alleges that through inadvertence the exception as to the three-fourths royalty was omitted from the warranty deed and the plaintiffs paid nothing for omitted royalty and are not entitled to same under said contract or assignments, and that said inadvertent omission from said deed should avail plaintiffs nothing in equity; that plaintiffs knew the amount of the royalty payments and accepted the same as full and complete royalty payments and went into possession with full knowledge of the amount of the royalty payments and thereby ratified the same in all particulars. The defendant filed a cross-petition asking that the deed be reformed so as to show that only one-fourth of the royalty was intended to be conveyed thereby. To this answer and cross-petition the plaintiffs filed a motion for judgment on the pleadings, which was by the court overruled and exception allowed. At the beginning of the trial the defendant objected to the introduction of any evidence for the reason that the petition failed to state sufficient facts to constitute a cause of action in favor of the plaintiffs, which was overruled by the court.

Judgment was in favor of plaintiffs in the sum of $896.37 and interest from date of the deed and denying reformation of the deed as prayed for by defendant.

The first assignment of error presented by the defendant is that the

court erred in not rendering judgment for the defendant on the motion of plaintiffs for judgment on the pleadings. Under this assignment the defendant argues three propositions: (1) There is no breach of an agreement to convey when the conveyance is made in accordance with the agreement. (2) The allegation of a partial breach of a covenant of warranty does not state a cause of action unless the value of the interest affected by said breach is alleged. (3) That the answer states a complete defense and the cross-petition having asked for reformation of the instrument, and no reply having been filed, the defendant is entitled to judgment on motion. A motion for judgment on the pleadings searches the entire record, but cannot be sustained unless, under the facts stated in the pleadings, the court can as a matter of law pronounce judgment for one or the other of the parties. Mires v. Hogan, 79 Okla. 233, 192 P. 811. Such motion presents two questions: (1) Is there any issue of material fact, and (2) if no issue of material fact is presented by the pleadings, which party is entitled to judgment? Whipps v. Kling Bros. & Co., Inc., 182 Okla. 382, 78 P. 2d 291. In every case where the pleadings present a question of fact to be determined, a motion for judgment on the pleadings should be denied. Hill v. Black Gold Petroleum Co., 183 Okla. 468, 83 P. 2d 164.

When measured by these rules it appears that the petition alleges breach of a covenant and damages therefor, which is denied by the answer, thereby presenting a material issue of fact, and also the defendant's answer presented the question of estoppel and ratification, which are affirmative defenses to be established by proof with the burden resting on the defendant. There was no error of the trial court in overruling the motion for judgment on the pleadings.

It is next urged by the defendant that the court erred in overruling the general demurrer of the defendant to the petition for the reason that a petition which shows that there was no breach of contract to convey and also alleges the value of the property affected by the breach of warranty and of the whole property only as of the date of the contract to convey and not as of the date of the breach of warranty does not state a cause of action, and cites in support thereof Baker v. Ebahotubbi, 117 Okla. 224, 246 P. 230. We do not believe the Baker Case supports the contention of the defendant. In that case a warranty deed was given conveying two separate tracts of land, and paid for in a lump sum, and a suit was brought for breach of warranty as to one of the tracts and the proof failed to establish the consideration paid for the separate tracts and judgment was rendered for the defendant. The court held that the proof was not sufficient to sustain a recovery, and not that the petition was insufficient to state a cause of action. The question decided was a question of proof of damages, and not a question as to the sufficiency of the pleadings to state a cause of action.

The petition alleges that defendant did not own all the royalty either at the time the contract was made and entered into or at the time the deed was executed and delivered. The execution and delivery of the deed in conformity with the contract made such contract an executed contract and the office of such contract was completed, and any cause of action the plaintiffs might then have must be based upon the warranty deed. The allegation in the petition with reference to the contract was made for the purpose of showing how and why the plaintiffs were entitled to the deed. The petition alleges the value of the royalty, at the time of the execution of the warranty deed, to be $1,800, and that three-fourths of that amount was the amount the plaintiffs were damaged by the breach of the covenants of seizin and warranty. In 27 R. C. L. 529, par. 260, it is said:

". . . Where an executory contract is carried out by a conveyance which is accepted by the purchaser, this, in the absence of fraud, accident or mistake, operates as a satisfaction and discharge

of the executory contract, and regulates the rights and liabilities of the parties; . . . ."

See, also, Herminghausen v. Pierce, 187 Okla. 501, 104 P. 2d 252.

Having thus decided that the cause of action stated in the petition was based on a breach of the warranty, it follows that the court did not err in overruling the motion to separately state and number the cause of action stated in the petition, because, as we conclude, there was only one cause of action stated.

The defendant further contends that the court erred in admitting evidence as to the value of the property two years prior to the date of the breach of warranty, and alleges that the defendant was prejudiced by the evidence for the reason that the trial court based its judgment upon the values as shown by such evidence. With this contention we cannot agree. There is ample evidence in the record as to the value of the property as of the date of the warranty deed to support the judgment of the trial court. Assuming, without deciding, that the evidence complained of was incompetent, it does not appear that such evidence has prejudiced the defendant's rights. In Sautbine v. C. I. T. Corporation, 172 Okla. 526, 45 P. 2d 764, we held:

"Before a judgment will be reversed on account of the admission of incompetent evidence, it must affirmatively appear that the admission of such evidence probably resulted prejudicially to the interests of the one making objection thereto."

The next proposition presented by the defendant is that the evidence is not sufficient to sustain the judgment of the trial court. This is a case of legal cognizance and the judgment will not be reversed if there is any competent evidence reasonably tending to sustain such judgment. George P. Smith Oil Co. v. Travis Refining Co., 150 Okla. 279, 1 P. 2d 746. It is admitted that the defendant contracted to sell the property with a good and merchantable title

subject to an oil and gas lease, and that said contract was assigned to this plaintiff, and that the deed was executed in conformity with the contract as alleged in the petition. The evidence shows that at the time the contract was made, and also at the time of the execution and delivery of the warranty deed, the defendant owned only one-fourth of the royalty, but contracted to sell, and gave a warranty deed, to all the royalty. The evidence further shows the value of the three-fourths royalty at the time of the execution of the warranty deed. Thus there was sufficient competent evidence to support the judgment of the trial court.

Title 23 O. S. 1941 § 25 provides the measure of damages for a breach of warranty, which is:

"The detriment caused by the breach of a covenant of seizin, of right to convey, of warranty, or of quiet enjoyment, in a grant of an estate in real property, is deemed to be:

"1. The price paid to the grantor, or, if the breach is partial only, such proportion of the price as the value of the property affected by the breach bore, at the time of the grant, to the value of the whole property.

"2. Interest thereon for the time during which the grantee derived no benefit from the property, not exceeding six years; and,

"3. Any expenses properly incurred by the covenantee in defending his possession."

The court found the price paid to the grantor, the value of the three-fourths royalty not conveyed, and the value of the whole property, which findings are supported by competent evidence, and from such findings arrived at the amount of the damages. The court followed the statute in determining the detriment, and we cannot say that the judgment is excessive.

Affirmed.

GIBSON, C.J., HURST, V.C.J., and RILEY, BAYLESS, CORN, DAVISON, and ARNOLD, JJ., concur.