BENZEL v. PITCHFORD.

No. 33718.   May 27, 1952.

Rehearing Denied July 23, 1952.

*245 P. 2d 1131.*

W. H. Brown, Paul G. Darrough, and Virgil R. Ball, Oklahoma City, for plaintiff in error.

Jack W. Page, Oklahoma City, for defendant in error.

WELCH, J. In the trial of this action, the plaintiff, L. A. Pitchford, sought to recover a broker's commission for the sale of real estate. There was no issue of fact or controversy as to the fact that defendant, Benzel, owned the real estate; that he listed it with plaintiff for sale, and that a sale was made to one Hoffman for $27,000. The plaintiff was entitled to a commission of 5 per cent, or $1,350, the sum sued for, if he was the procuring cause of the sale to Hoffman.

There was an issue of fact and a controversy as to whether the plaintiff, Pitchford, was the procuring cause of the sale, or, to be more specific, the controversy was whether the plaintiff, Pitchford, or another broker, Kilfoy, was the procuring cause of such sale. The suit of L. W. Kilfoy to recover the same broker's commission for the same sale is considered in our opinion in his

case, Benzel v. Kilfoy, 206 Okla. 671, 245 P. 2d 1129.

In this case there was submission of the issues to the jury with return of verdict for plaintiff for the sum sued for.

On this appeal we have concluded that the judgment must be reversed on account of the erroneous admission of incompetent evidence against the defendant.

The trial court, over defendant's objecting, permitted plaintiff to prove that he had spent large sums of money throughout a period of several months in advertising the property for sale, and that he had shown the property to a great number of people other than the purchaser Hoffman in an effort to find a purchaser for the property. Under the facts peculiar to this case, such evidence may well have been quite prejudicial since it was disclosed that if Kilfoy was the procuring cause of the sale, as he claimed he was, he found the purchaser Hoffman and effected the sale to him with little or no expense at all. This evidence was not material to the controlling issue as to whether Pitchford was the procuring cause of the sale to Hoffman. This evidence was of value to show that the property had been listed with Pitchford for sale and that he had attempted to find a purchaser, but there was no controversy as to that. Neither the expense incurred, nor the extent of efforts made by Pitchford to find other purchasers, was material.

The court also permitted plaintiff, over objections of defendant, to elicit on cross-examination of the defendant, Benzel, the fact that he had filed an affidavit in the cause in which he stated that he did not know whether he owed the commission of $1,350 to plaintiff, Pitchford, or to L. W. Kilfoy, and at the same time had tendered or deposited the sum of $1,350 in the office of the court clerk. The record discloses that after said affidavit was filed the court entered its order permitting defendant to pay the money into court and directed that Mr. Kilfoy be required to appear and maintain or relinquish his claim against said sum or against Mr. Benzel therefor. Thereafter, on motion of Mr. Kilfoy, the court vacated that order and dismissed Mr. Kilfoy from the suit over defendant's objections and exceptions.

At the time Mr. Benzel was interrogated about this affidavit, and the affidavit was presented to the jury, Mr. Kilfoy was not a party to the action. The controversy was being presented solely between plaintiff, Pitchford, and the defendant, Benzel. This evidence might well have been highly prejudicial to the cause of Mr. Benzel on account of his admissions shown thereby. Yet these facts in no manner tended to prove that Pitchford was the procuring cause of the sale to Hoffman which was the controlling issue of fact.

The trial court also permitted plaintiff to introduce in evidence three letters received by him from Mr. Benzel concerning the price and value of the property and details about the property, and concerning defendant's desire to sell and his hope that plaintiff would find a buyer. These letters were written by Benzel and received by Pitchford several months before the purchaser Hoffman had any interest whatever in purchasing the property, and these letters do not tend to shed any light on the controlling question whether Pitchford was the procuring cause of the sale to Hoffman. These letters might well have been highly prejudicial to the position of Mr. Benzel in view of his admissions in the affidavit above referred to. These letters did demonstrate that Mr. Benzel had listed the property with Mr. Pitchford for sale, but there was no controversy about that.

There was much evidence that the plaintiff, Pitchford, was not the procuring cause of this sale, but, of course, we do not pass upon that fact. We do point out, however, that in such a case incompetent and immaterial evidence

may be more highly prejudicial than in a case where the evidence supports the verdict by a great preponderance. In such cases as those last mentioned we can hold the erroneous admission of evidence to be harmless, or not sufficiently prejudicial to require reversal, but in this case we cannot apply the harmless error rule on account of the apparent prejudice disclosed.

We are familiar with the rule that a cause will not be reversed on account of the admission of incompetent evidence if it does not affirmatively appear that such admission resulted prejudicially to the interest of the objecting party. Yukon Mills & Grain Co. v. Imperial Roller Mills Co., 34 Okla. 817, 127 P. 422; Cole v. Ramsey, 124 Okla. 235, 254 P. 962; Peoples Finance & Thrift Co. v. Fuller, 196 Okla. 32, 162 P. 2d 189; Sautbine v. C. I. T. Corp., 172 Okla. 526, 45 P. 2d 764; Fixico v. Harmon, 180 Okla. 412, 70 P. 2d 114; Mid-Continent Petroleum Corp. v. Fisher, 183 Okla. 638, 84 P. 2d 22; West v. Clopine, 200 Okla. 625, 198 P. 2d 742.

And that a case will not be reversed for error in the admission of evidence unless it appears from the whole record that a miscarriage of justice has probably resulted or a constitutional or statutory right has been violated. Allen v. Okla. State Bank, 133 Okla. 14, 270 P. 838; Graf Packing Co. v. Pelphrey, 171 Okla. 416, 42 P. 2d 889.

Also, the rule that the objecting party has the burden of showing that evidence was incompetent and also prejudicial. Union Petroleum Co. v. Oklahoma, N. M. & P. Ry. Co., 114 Okla. 21, 242 P. 1027, and Render v. Richardson, 168 Okla. 122, 31 P. 2d 923.

Also, the rule that one who complains of the wrongful admission against him must be able to show wherein said evidence was detrimental to his cause. L. O. & H. L. Street v. Arnold, 170 Okla. 389, 40 P. 2d 1050; Pinkerton v. Carter, 197 Okla. 95, 169 P. 2d 192, and Sinclair Prairie Oil Co. v. Seebeck, 182 Okla. 436, 78 P. 2d 282.

Those decisions demonstrate that if the evidence was incompetent or immaterial and if the record shows that it was probably detrimental to defendant's cause and wrongfully prejudicial to his interest, the cause should be reversed.

In this case the defendant was undertaking to maintain his position that he did not owe plaintiff a sale commission. The evidence elicited in his cross-examination tended to show that defendant had made a solemn admission under oath, accompanied by the tender of $1,350, to the effect that he did not know whether he owed plaintiff the commission or not. The affidavit theretofore filed by defendant did contain such an admission in effect, but such admission was made for a special purpose and when that special purpose failed the defendant should not have been embarrassed in the trial of the cause by introduction of such statement or admission. The statements or admissions here involved were somewhat akin to statements and admissions made in or in connection with an effort at compromise, and such statements upon failure of the compromise efforts are not admissible in subsequent trial of the cause. Chicago, R. I. & P. Ry. Co. v. Forsythe & Templar, 56 Okla. 26, 155 P. 851; Thorp Oil & Specialty Co. v. Home Oil & Refining Co., 79 Okla. 225, 192 P. 573; City of Anadarko v. Argo, 35 Okla. 115, 128 P. 500.

In Cook v. First National Bank of Duncan, 110 Okla. 111, 236 P. 883, this court held:

"Where incompetent testimony is offered, and such evidence is highly prejudicial to the rights of the complaining party, the admission of such testimony constitutes reversible error."

For other cases where the wrongful admission of evidence was held to be reversible error, see Page v. Oklahoma City, 129 Okla. 28, 263 P. 448; Pate v. Smith, 128 Okla. 29, 261 P. 189; Great Western Life Ins. Co. v. Sparks, 38 Okla. 395, 132 P. 1092; Wyrick v. Camp-

bell, 67 Okla. 240, 170 P. 267; Burlison v. Watson, 137 Okla. 43, 278 P. 328.

We should not further detail the evidence as the cause must be retried. The issues will doubtless be substantially the same, but they may be tried in a cause in which both Pitchford and Kilfoy are parties. We do not discuss that point further here since defendant does not specifically predicate error on the action of the trial court in vacating the order interpleading Mr. Kilfoy and dismissing him, Kilfoy, from the case. That would waive the point here, but we do not mean to say that such waiver would be perpetual so as to bar any further effort to consolidate the causes or interplead the claimants to this sale commission.

For the erroneous admission of evidence which we have found to be prejudicial, the judgment is reversed and the cause remanded for any further proper proceedings.

CORN, GIBSON, DAVISON, and JOHNSON, JJ., concur. HALLEY, V. C. J., and O'NEAL, J., dissent.