J. C. MOORE, Plaintiff in Error,

v.

Jessie BENNETT, Defendant in Error.

No. 36938.

Supreme Court of Oklahoma.

Nov. 20, 1956.

As Corrected Jan. 15, 1957.

Rehearing Denied Jan. 22, 1957.

Application for Leave to File Second Petition for Rehearing Denied June 25, 1957.

McNeill & McNeill, Tulsa, Hope & Hunt, Pauls Valley, of counsel, for plaintiff in error.

John B. Baumert, McAlester, Bob Perdue, Wilburton, for defendant in error.

PER CURIAM.

The parties to this action occupy the same relative position here as in the trial court and will hereinafter be referred to as they there appeared.

In this action the plaintiff sought to recover a broker's commission for the sale of real estate. It was neither controverted nor an issue of fact in the case that defendant in the year 1948 orally listed her 8,500 acre ranch with the plaintiff for sale; that it was not an exclusive listing; that the ranch was sold to Mrs. P. H. Williams on the 1st day of September, 1953, for $117,000, and that the defendant consummated the sale.

The only issue involved was whether or not the plaintiff was the procuring cause of the sale. If he was there could be no question for his entitlement to the 5% commission claimed or $5,850, the sum sued for. It was defendant's contention that she and not the plaintiff procured the purchaser.

The case was submitted to the jury on the issues and a verdict was returned in favor of the defendant. Motion for a new trial was duly filed, overruled, and appeal lodged therefrom.

From our examination of the record herein and analysis of the law applying thereto we have concluded that the verdict must be reversed by reason of the erroneous admission of incompetent evidence against the plaintiff.

The trial court, over the objection of the plaintiff, permitted the defendant to testify that she had been sued by a Mr. Gooch, in case No. 7063, District Court of Latimer County, seeking the recovery of a commission by reason of the same transaction or sale of her ranch to Mrs. Williams. The court also permitted the defendant, over plaintiff's objection, to introduce the petition in that case as evidence. While the court would not permit defendant's counsel to read the petition to the jury it is apparent from the record herein that it was available to the jury during their deliberations.

A complaining party has the burden of pointing out and showing the prejudicial effect of testimony erroneously admitted or excluded, but where it is apparent on the face of the record that incompetent testimony is admitted, and such evidence is highly prejudicial to the rights of the complaining party, the admission of such testimony constitutes reversible error. See Render y. Richardson, 168 Okl. 122, 31 P.2d 923; Benzel v. Pitchford, 206 Okl. 672, 245 P.2d 1131.

In Metropolitan Life Ins. Co. v. Bradbury, 179 Okl. 253, 65 P.2d 433, this court said, concerning the admissibility in evidence of the unsworn written statement of a physician who did not testify at the trial:

"A fact in dispute between litigants cannot be proven by written statement prepared and signed by disinterested parties prior to trial; the admission of such hearsay evidence, over proper objections, may constitute reversible error."

In the body of the opinion the court said:

" * * * The plaintiff suggests that the error in admitting these documents should be held to be harmless, but in view of the fact that this evidence touched a controlling primary issue in the case, * * * we would not be justified at all in saying that this evidence did not prejudice the rights of the defendant."

In the instant case when the defendant was interrogated concerning Case No. 7063, District Court of Latimer County, brought by Mr. Gooch against the defendant, and the petition in that case was presented to the jury, Gooch was not a party to the action, nor was he a witness in the case. The controversy was solely between the plaintiff and the defendant, and such evidence might have been highly prejudicial to plaintiff's cause. The jury might well have concluded that in light of the allegations of the petition, since Gooch was claiming a commission arising out of the same transaction upon which plaintiff was basing his commission claim, Gooch and not the plaintiff was the procuring cause of the sale. However, these facts in no manner tended to prove that defendant was the procuring cause, or was competent to disprove that plaintiff was not the procuring cause of the sale to Mrs. Williams, which was the controlling issue of fact.

■■ While the burden is on plaintiff to prove the allegations of his petition by a preponderance of the evidence and there was evidence to the effect that plaintiff was not the procuring cause of the sale, yet we cannot apply the harmless error rule for we are unable to say with certainty the degree of credence placed by the jury upon the incompetent and immaterial evidence. In Benzel v. Pitchford, supra [206 Okl. 672, 245 P.2d 1132], this court said:

"Where incompetent testimony is offered and such evidence is highly prejudicial to the rights of the complaining party, admission of the testimony constitutes reversible error."

While it is unnecessary to deal with plaintiff's remaining propositions relating to certain instruction of the trial court to the jury, in view of the necessity of a retrial of this cause, we deem it pertinent to mention that Instructions numbered 8 and 10 were contradictory and confusing and of such nature as would tend to mislead the jury. On a retrial of this cause the trial court should pay particular attention to the giving of proper instructions.

Pursuant to the rule laid down in Benzel v. Pitchford, supra, the judgment of the trial court is reversed, and the cause is remanded for a new trial.

The Court acknowledges the aid of the Supreme Court Commissioners in the preparation of this opinion. After a tentative opinion was written by Commissioner Jean R. Reed and approved by Commissioners James H. Nease and J. W. Crawford, the cause was assigned to a Justice of this Court for examination and report to the Court. Thereafter, upon report and consideration in conference, the foregoing opinion was adopted by the Court.