Willie Mae WALL., Plaintiff in Error,

v.

Roy PARTRIDGE, Roy Ray Holmes and Partridge and Holmes, a Partnership composed of Roy Partridge and Roy Ray Holmes, Defendants in Error.

No. 42353.

Supreme Court of Oklahoma.

March 10, 1970.

Hal Welch, Hugo, for plaintiff in error.

Alfred B. Knight, Richard D. Wagner, Tulsa, for defendants in error.

JACKSON, Justice.

This is an appeal from verdict and judgment for defendants in an action for damages arising from an automobile accident, in which the guest-passenger plaintiff sued only the driver and owners of the other vehicle.

Plaintiff in the trial court, Mrs. Wall, was a guest-passenger in an automobile driven by Mrs. Lynch which was going east on Kirk Road near the outskirts of Hugo, Oklahoma, approaching an intersection with a north-south road, State Highway No. 93. About 350 feet before reaching the intersection, while traveling about 20 miles per hour, Mrs. Lynch discovered that the foot brakes of her automobile were not working. The road was slightly "down hill" from that point. Mrs.

Lynch, who thought that "when one brake went out, they all went out", did not try to use the emergency brake, and there is no evidence that she sounded her horn. Another vehicle, also headed east, had already stopped at the stop sign which favored the traffic on the north-south highway. Mrs. Lynch drove to the right of that vehicle and made a right turn onto the highway without stopping. Her vehicle was hit from the left rear by a loaded dump truck driven by defendant Partridge and owned by the defendant partnership of Partridge and Holmes. Mrs. Lynch was not a party defendant. The point of impact was fourteen feet south of the south edge of Kirk Road and four and one half feet west of the center line of the highway.

There is uncontradicted evidence that the first notice that defendant Partridge, the driver of the dump truck, had that the Lynch vehicle was not going to stop at the stop sign was "when it came around the vehicle that was stopped". Partridge immediately turned his truck to the left but did not avoid hitting the Lynch automobile. The truck turned over twice, dumping its load of sand in the process, and the automobile continued on down the road for about 250 feet without overturning. The only tire marks left by the truck were caused by the sharp left turn; there were no skid marks caused by locked brakes.

The principal allegation of negligence as against defendant Partridge was that he was traveling at an excessive rate of speed, and the only substantial conflict in the evidence is on this point. Plaintiff testified that Partridge was traveling at "a fast rate of speed". Mr. Miller testified that when Partridge passed his house about 200 yards north of the intersection, he was going about 60 miles per hour. Witnesses Hise and Deaton, both in the car waiting at the stop sign, testified respectively that Partridge's speed was "moderate" and "between 30 and 40 miles per hour". Mrs. Lynch, plaintiff's host-driver, testified she could not estimate the speed of Partridge's dump truck. Mr. Lindley, also a passenger in the Lynch vehicle, could not estimate the speed of the dump truck, but said that he did not notice "anything unusual" about the truck. Partridge himself testified that his speed was "35 or 40 miles per hour". He said his truck had five speeds forward and that it was in third gear at the time of the accident.

Trooper Ragsdale of the Oklahoma Highway Patrol reached the scene of the accident about 30 minutes after it happened. He testified for plaintiff as to his physical findings at the scene, and, after defendants' counsel had made Ragsdale a witness for defendants, testified that in his opinion the Partridge dump truck was going "approximately 35 miles per hour" at the time of the accident. The trial court instructed in effect that the speed limit for the dump truck was 50 miles per hour.

■ On appeal, the only allegation of error is that the court erred in permitting Trooper Ragsdale to testify as an expert witness on the question of the speed of the dump truck. Plaintiff does not question Ragsdale's qualifications as an expert, but argues that he did not have sufficient information upon which to base his expert opinion, since the truck left no skid marks. Plaintiff also argues that Ragsdale in effect admitted that his estimate of the speed would be little more than a mere guess. The record supports that argument. Plaintiff practically destroyed the impact of his testimony in the following cross examination:

"Q. Well, if you have then only the distance that that truck went to judge its speed, Mr. Ragsdale, it would be a guess, wouldn't it?

"A. It would be my opinion, yes sir.

"Q. It would be a guess, wouldn't it? That is your opinion about it?

"A. Yes sir.

"Q. And it would not be an expert accurate decision about the speed of that truck, would it?

"A. No sir."

After a careful examination of the record we are of the view that the error was harmless and not prejudicial to plaintiff. As is evident from our summary of the evidence, Ragsdale's testimony as to speed was in general accord with that of four other witnesses, two of whom were not in either vehicle and not parties to the action. Also, the record shows that Ragsdale was subjected to a rather searching examination by plaintiff's counsel, and the fact that he made his estimate of speed without benefit of skid marks was fully exposed to the jury. Before a judgment will be reversed on account of the admission of incompetent evidence, it must appear that the admission of such evidence probably resulted prejudicially to the interests of the one making the objection thereto. Mid-Continent Petroleum Corp. v. Fisher, 183 Okl. 638, 84 P.2d 22.

The judgment of the trial court is affirmed.

IRWIN, C. J., and DAVISON, WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.